BENJAMIN COONEY, PLAINTIFF IN ERROR, V. PATRICK BURKE, SR., AND PATRICK BURKE, JR., DEFENDANTS IN ERROR.

1. **Assault and Battery:** WHO ARE PRINCIPALS IN. In an assault and battery, not only he who is the actor or actual perpetrator of the offense, but he also who, being present when the act is done, aids and abets therein, is a principal and liable as such at the suit of the injured party.

2. ———: ———. Evidence examined and held sufficient to warrant a verdict against the defendant as principal in the battery complained of.

ERROR from the district court for Nemaha county. Tried before POUND, J.

*J. H. Broady*, for plaintiff in error.

*S. A. Osborn*, for defendants in error.

LAKE, J.

The action below was brought to recover damages for an assault and battery charged to have been committed by the defendants upon the person of the plaintiff. When the evidence had all been submitted, the court being of opinion that it was insufficient to warrant a verdict against the defendant Patrick Burke, Jr.,

directed the jury to find in his favor, which they did. And this is the principal error complained of.

The evidence shows that the elder Patrick Burke, as the absolute perpetrator, or principal in the first degree, committed a grievous battery upon the person of the plaintiff, by knocking him down and pounding him with a stout hickory stick about three feet in length. The younger Burke, although present at the time, did no act of personal violence to the plaintiff; but it is claimed by counsel that he did aid, abet, and encourage his father in what he did, to an extent that made him a principal in the second degree, and responsible for all the consequences that resulted therefrom. "A man may, in contemplation of law, be a principal in an offense, in either of two degrees. A principal in the first degree is he who is the actor or absolute perpetrator of the crime; and in the second degree, he is, who is present aiding and abetting the fact to be done." 2 Broom & Hadley's Com., Am. Ed., 353. There is, however, no substantial difference between principals in the first and second degrees. The distinction is nominal merely. See also Brown's Law Dictionary, 280.

Such being the law as to what is sufficient to constitute one a principal in an offense, let us look to the testimony and ascertain whether Patrick Burke, Jr., is within the rule, or rather whether there was evidence sufficient to have justified the jury in holding him as a principal offender.

In the testimony given by the plaintiff, we find the following:

Q. Where was young Burke?

A. He was holding Charley Howell.

Q. What was Charley Howell doing.

A. I suppose he was trying to get away to take the club from him.

And on cross-examination, in speaking of young Burke, this was given:

Q. Did he fight you that day?

A. No, sir, he did not.

Q. Did he offer to do it?

A. I don't know. I was there, and he kept Charley Howell from saving me.

Q. How do you know that was so?

A. He had him fast with a hand round his neck, this way. (Indicating.)

Q. Did you see him?

A. Of course I saw it. He kept Charley Howell from taking the club.

Q. And he had his head under his arm?

A. Yes.

Q. You are positive of that?

A. Yes.

And Charley Howell, the person thus held, swore on this point as follows:

Q. What was Pat. Burke doing?

A. Not anything, but I wanted to take Burke off, and he took my wrist and stopped me, and said the old gentleman had not given him enough yet.

Q. How far were you off?

A. Eight or ten steps.

And on his cross-examination he said:

Q. What part did Pat. Burke take in that fight?

A. Not anything that I saw, except keeping me back.

Q. What did he do?

A. He told me to hold on, the old man had not given him enough.

In addition to what we have here quoted, there was some other testimony of like import, none of which was contradicted in any material part. And its effect was to show that young Burke, by his presence, words,

and active interference, both encouraged, and by preventing Howell from interfering to stop it, aided and abetted his father in the battery of the plaintiff. This clearly brought him within the rule by which one who is not the actual perpetrator of an offense becomes a principal therein and punishable as such. We are clearly of opinion that the evidence against young Burke, as found in the record before us, would have warranted the jury in returning a verdict against him, and that the instruction to find in his favor was error, for which the judgment must be reversed and a new trial awarded.

REVERSED AND REMANDED.