## ROBERT FRANCIS V. STATE OF NEBRASKA

FILED FEBRUARY 13, 1924. No. 23683.

1. **Larceny:** THEFT OF AUTOMOBILE: ACCESSORIES. Prior to the taking effect of chapter 89, Laws 1923, a party charged with the theft of an automobile could not be convicted upon evidence tending to show that he was merely an accessory.

2. **Criminal Law:** ACCESSORIES. Under the common law, those who are not present or so near as to b' able to afford aid and assistance when an offense is committed are ordinarily not principals but merely accessories.

3. ————: PRINCIPALS. Since chapter 89, Laws 1923, went into effect, one who aids, abets or procures another to commit any offense may be prosecuted and punished as if he were a principal.

ERROR to the district court for Platte county: A. M. POST, JUDGE. *Reversed.*

*Albert & Wagner* and *Sorensen & Bollen,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before LETTON, ROSE and DEAN, JJ., ELDRED and REDICK, District Judges.

LETTON, J.

Plaintiff in error was convicted of larceny of a Ford sedan automobile. The car had been placed by the owner in his garage, in the village of Platte Center, on the night of December 30, 1922. The door of the garage was locked. The next morning the car was missing. He next saw it in the garage of one Garrett, at Creston, Iowa, where he took possession of it and drove it home.

The evidence tends to prove that the car was stolen by a brother of the accused, and that accused knew of the larceny and by prearrangement went to Creston, Iowa, where the car had been taken by his brother, and where he aided his brother in selling the stolen car. There is no evidence that he was at or near the garage on the night that the car

was stolen or that he assisted in any way to steal the car,. though it indicates that after the car was stolen he became aware of that fact. The brothers were together before the car was stolen and afterwards, but the accused never had the car under his control or in his possession until after it had been taken to Iowa.

Three contentions are made by defendant. First, that there is no proof that the owner of the stolen car did not consent to the taking of the property, and that this is indispensable to a conviction. The owner testified that he placed the car in his garage and locked the door  The next morning he found the door open and the car gone, and he immediately took steps to ascertain its whereabouts and procure its return. Under these circumstances it would strain our credulity to believe that the owner consented to having the car taken. The circumstantial evidence is sufficient to establish nonconsent. *Nixon v. State,* 89 Neb. 109. It is next argued that, even if defendant did aid in selling the stolen car in Iowa, he could not be convicted as a principal but only as an accessory, which is another and substantive offense. Unless the defendant took some active part in the theft, as the statute was at the time of the theft, he could not be convicted of larceny.

Under the rule of the common law as to the crime of larceny which it is to be regretted was in force in this state at the time the car was stolen and until chapter 89, Laws 1923, took effect, since defendant was neither actually nor constructively present at the time of the commission of the offense, he was not guilty of larceny. In *Skidmore v. State,* 80 Neb. 698, the present writer, sixteen years ago, called attention to the folly of the old technical rule and said: "The legislature of this state has seen fit to abide by the ancient and technical distinctions "—and suggested a reform which has just been accomplished. By the act referred to, one who aids, abets or procures another to commit any offense may be prosecuted and punished as if he were a principal. Defendant was fortunate that the amendment was not in force until some months after the offense was committed,

since the evidence is ample to have convicted the accused of the offense of being accessory to the crime of larceny. He was not charged with this crime. He was indicted for one crime and convicted of another, which cannot be lawfully done. A fuller discussion may be found in *Skidmore v. State, supra,* and *Guignon v. State,* 101 Neb. 587.

REVERSED AND REMANDED.