Scharman v. State.

Note—See Injunction, 32 C. J. 362 n. 52, 450 n. 87, 474 n. 92, 475 n. 98, 482 n. 4; 14 R. C. L. 475.

---

JOHN SCHARMAN v. STATE OF NEBRASKA.

FILED DECEMBER 29, 1926.    No. 25452.

1. **Criminal Law:** ACCESSORIES: Section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923, which provides that an aider, abettor, or procurer, whether present or not, shall be subject to the same prosecution and punishment as his principal, construed to mean: That the same rule as to the information, conduct of the case, and punishment, heretofore applicable to a principal, should thereafter govern his aider, abettor, or procurer, and that no additional facts need be alleged in an information against such accessory before the fact than are required against his principal.

2. **Indictment and Information:** ACCESSORIES. The abrogation of the distinction between principal and accessory as contained in section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923, does not contravene section 11, art. I of our Constitution, affording the defendant in a criminal case "the right * * * to demand the nature and cause of accusation."

3. ——————: SUFFICIENCY. An information which, in ordinary terms, charges the defendant with the theft of personal property, and as explanatory thereof states that the theft was committed by others through the procurement of the defendant, constitutes but one offense, to wit, that of stealing.

ERROR to the district court for Cherry county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*Ruby & Tucker,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

John Scharman, hereinafter called defendant, was informed against in the district court for Cherry county, under section 9603, Comp. St. 1922, as amended by chapter 104, Laws 1925, and section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923; the former making cattle stealing a felony regardless of the value of the cattle, the latter subjecting an aider, abettor, or procurer, whether present or not, to the same prosecution and punishment as his principal. The trial resulted in a conviction, and defendant was sentenced to the state penitentiary for a term of not less than three years nor more than ten years. To reverse this judgment, defendant prosecutes error to this court.

The information, excluding the formal parts, in substance, charges the defendant with the unlawful and felonious taking and carrying away of ten head of cattle, the property of Albert H. Metzger, on or about August 1, 1925, without such owner's consent, with the intent to convert such cattle to a use other than that of the owner; that such theft was so committed by such defendant by reason of his having, on or about July 31, 1925, procured William Mogle and Edison Herron to so steal, take and carry away such cattle, which they, at such time, place, manner, and

form, did, in pursuance of such procurement. To this information a motion was filed by defendant asking that the state be required to separately state and number the crimes sought to be lodged against the defendant, also a motion requesting that the state be required to elect as to which crime it would prosecute, and also a demurrer to the information for the reason that it was void for duplicity, each of which in their order were overruled.

This brings us to a consideration of section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923. The uniform holdings of this court heretofore have been that, in order that an accessory before the fact could be held as principal, the evidence must show that he was personally present at the time of the theft, or in close proximity thereto, aiding and abetting therein. *Lamb v. State,* 69 Neb. 212; *Skidmore v. State,* 80 Neb. 698; *Guignon v. State,* 101 Neb. 587; *Neal v. State,* 104 Neb. 56. This rule we uniformly followed up and until the session of our legislature of 1923, when such section 9541 was amended by chapter 89, Laws 1923, to read as follows: "Whoever aids, abets, or procures another to commit any offense may be prosecuted and punished as if he were the principal offender." Before such amendment such section 9541 provided: "Whoever shall aid, abet, or procure any other to commit any felony, shall, upon conviction thereof, be imprisoned in the penitentiary for any time between the respective periods for which the principal offenders could be imprisoned for the principal offense; or, if such principal offender would on conviction, be punishable with death, or be imprisoned for life, then such aider, abettor, or procurer shall be punished with death or be imprisoned for life, the same as the principal offender would be"—thus making an accessory before the fact, if present aiding and abetting and procuring, a principal; if not present, but aiding, abetting, or procuring, guilty of a substantive offense, which could not be proved under a charge of stealing. That this distinction was without reason for its basis

was indicated by us in *Skidmore v. State, supra,* where, in the course of the opinion, we said:

"In many states the old common-law distinction between principals and accessories before the fact has been abolished by statute. This seems to be a step in the general direction of reform by simplifying the law and abolishing technicalities; but the legislature of this state has seen fit to abide by the ancient and technical distinctions."

Thus it was indicated that such common-law rule should be abrogated by the legislature. We conclude that, in furtherance of this suggestion on the part of the court, chapter 89, Laws 1923, was enacted, and, further, that it was the intention of the legislature by such enactment to abrogate all distinction heretofore existing between such aider, abettor, or procurer and the one committing the act, and to provide that each should be prosecuted and punished as principals; that is, that the words "prosecuted and punished," as used in such section, mean that the same rule as to the information, conduct of the case, as well as the punishment, heretofore applicable to principals, should thereafter govern such aiders, abettors, or procurers, and that no additional facts need be alleged in an information against an accessory before the fact than are required against his principal. Thus applying the law applicable to the trial of one charged with a misdemeanor, or with high treason, where there are no accessories, to that of a charge of felony. In so construing this enactment the legislature did but adopt the suggestions of this court as above indicated, and followed the rule of advanced thought, for, if there ever was a forceful reason for drawing a distinction between such procurer and doer, such reason has ceased to exist. Certainly, where one procures another to do a criminal act, such act is in effect the act of the procurer as well as that of the doer; that is, one who does an act by the agency of another does the act himself, and thus becomes a principal, and, in a proper case, should be informed against as such.

While the information in this instant case, as set forth

in the forepart of this opinion, describes the manner in which the theft charged was committed, such descriptive allegations, while proper but not necessary under the statutes as they now exist, do not render such information vulnerable to the charge of duplicity, nor give rise to prejudicial error, nor contravene section 11, art. I of our Constitution, which provides, among other things, that "the accused shall have the right * * * to demand the nature and cause of accusation."

In the conclusions herein reached we are supported by the following authorities: *Francis v. State,* 111 Neb. 580; *People v. Bliven,* 112 N. Y. 79; *Hanoff v. State,* 37 Ohio St. 178; *Hronek v. People,* 134 Ill. 139; *State v. Hessian,* 58 Ia. 68; *People v. Outeveras,* 48 Cal. 19; *State v. Steeves,* 29 Or. 85; *Griffith v. State,* 90 Ala. 583; *State v. Geddes,* 22 Mont. 68; *Sanditen v. State,* 22 Okla. Cr. Rep. 14; *State v. Kent,* 4 N. Dak. 577. In the last three cases cited the constitutional question involved herein was considered.

It is urged that *State v. Geddes, Sanditen v. State,* and *State v. Kent, supra,* are not applicable to the Nebraska statute here under consideration, for the reason that in such respective cases they were construing statutes which provided, in substance, that no additional facts need be alleged in an information against an accessory than are required against his principal. As we view such clause, it is not a material part of such respective statutes, other than to make more plain the legislative intent. Such intent is made plain as to our 1923 act, not only by the act itself, but also by its purpose and its history as hereinbefore considered.

We have given careful consideration to all claimed errors presented, and while the material facts in issue were not as definitely stated in the instructions as they might have been, they were, however, sufficiently explicit to inform the jury as to the issues submitted for their consideration. The verdict of the jury is amply sustained by the evidence,

and reversible error was not committed either by the giving or refusing of instructions, or otherwise. The judgment of the trial court is

AFFIRMED.