EMORY MATTESON, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

22 N. W. 2d 420

FILED MARCH 22, 1946. No. 31931.

*Bolus J. Bolus,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, *H. Emerson Kokjer,* and *C. S. Beck,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

Emory Matteson, hereinafter referred to as the defendant, brings error from a conviction of embezzlement.

The information charges that "Emory Matteson * * * did then and there aid, abet and procure one Helen Poppe, a clerk of James Petrow, * * * and she, the said Helen Poppe, not being an apprentice or a person within the age of eighteen years, to then and there, * * * by a series of acts during her said employment, wilfully and unlawfully, feloniously, fraudulently and continuously without the consent of her employer, embezzle the sum of * * * ($3,757.67), * * * which money came into the possession and care of the said Helen Poppe by virtue of and under color of her office as clerk of the said James Petrow, * * * with the intent of him, the said Emory Matteson, and her, the said Helen Poppe, to defraud the owner of the value of the same * * * ." The jury returned a verdict finding the defendant guilty of embezzlement and finding the value of the property embezzled to be $3,472.91. The only assignment of error presented to the court is based on the alleged variance between the information and the verdict. It is the contention of defendant that he was charged with aiding, abetting, and procuring another to commit the crime of embezzlement and that the jury found him guilty of the crime of embezzlement, a different crime from that charged.

Section 28-201, R. S. 1943, provides: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender." In Millslagle v. State, 137 Neb. 664, 290 N. W. 725, we said: "Paring this verbiage, it is simply a charge that defendant, at a specified time and place, feloniously aided Roy Shumway to steal nine head of cattle belonging to Gerhart Aschwege, and so was guilty of the crime of cattle stealing under section 28-515, Comp. St. 1929. It would have been sufficient to have charged defendant, in so many words, with stealing the cattle, without undertaking to set out the manner of his participation in the crime, but the addition of this explanation to the charge that he 'did then

and there and thereby steal' the cattle in question did not make the information bad."

In Scharman v. State, 115 Neb. 109, 211 N. W. 613, we said that "it was the intention of the legislature by such enactment to abrogate all distinction heretofore existing between such aider, abettor, or procurer and the one committing the act, and to provide that each should be prosecuted and punished as principals; that is, that the words 'prosecuted and punished,' as used in such section, mean that the same rule as to the information, conduct of the case, as well as the punishment, heretofore applicable to principals, should thereafter govern such aiders, abettors, or procurers, and that no additional facts need be alleged in an information against an accessory before the fact than are required against his principal. Thus applying the law applicable to the trial of one charged with a misdemeanor, or with high treason, where there are no accessories, to that of a charge of felony. In so construing this enactment the legislature did but adopt the suggestions of this court as above indicated, and followed the rule of advanced thought, for, if there ever was a forceful reason for drawing a distinction between such procurer and doer, such reason has ceased to exist. Certainly, where one procures another to do a criminal act, such act is in effect the act of the procurer as well as that of the doer; that is, one who does an act by the agency of another does the act himself, and thus becomes a principal, and, in a proper case, should be informed against as such.

"While the information in this instant case, as set forth in the forepart of this opinion, describes the manner in which the theft charged was committed, such descriptive allegations, while proper but not necessary under the statutes as they now exist, do not render such information vulnerable to the charge of duplicity, nor give rise to prejudicial error, nor contravene section 11, art. I of our Constitution, which provides, among other things, that 'the accused shall have the right * * * to demand the nature and cause of accusation.' "

Under the cited statutes and the holdings of this court applicable thereto, the information charges the crime of embezzlement. Consequently, there is no variance in the crime charged and the verdict of the jury finding the defendant guilty of embezzlement.

AFFIRMED.