STATE OF NEBRASKA, APPELLEE, v. DALE (SPIKE) MYERS, APPELLANT.

206 N. W. 2d 851

Filed April 27, 1973. No. 38683.

Charles A. Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant was found guilty by a jury of two

separate charges of distributing and delivering a controlled substance, namely, lysergic acid diethylamide, and was sentenced to a term of 16 months on each count, the sentences to run concurrently.

The errors assigned on appeal are: (1) Denial of motion for a continuance during trial; (2) admission of a tape recording of a conversation between the defendant and an undercover agent who was the State's principal witness; (3) the giving or the refusing to give certain jury instructions; and (4) insufficiency of the evidence to sustain the convictions.

The first two assignments are related and we will discuss them together.

One of the transactions which gave rise to the prosecution occurred while the witness, an undercover agent, and the defendant were in an automobile. The witness had at that time on his person a tape recorder and on it had made a recording of the conversation which occurred when the sale and delivery took place. This recording was not of good quality and the volume was poor, and later a rerecording was made from the original. After the jury was impaneled, it was released for the day and a hearing on the admissibility of the evidence of the conversation in the automobile was held before the trial judge. At the end of the hearing the court ruled that the tape recordings were admissible but that the oral testimony of the witness as to the conversation would not be admitted. The witness would, however, be permitted to testify as to the physical acts of the delivery of the substance and the payment of the money. The defendant moved for a continuance on the ground of surprise, claiming he had not previously known of the existence of the tapes.

At the end of the admissibility hearing after the court had announced its ruling and again during trial before the tapes were to be played to the jury, the defendant objected to the playing of the rerecording on the grounds that it was secondary evidence and the admission would

violate the best evidence rule. He also objected that the foundation for the admissibility of the tapes was insufficient.

At trial foundation for introduction of the tapes was laid in the following manner. The witness related the time, place, and with whom the conversation occurred; that he had been furnished the recorder by the Nebraska State Patrol; that he turned on the recorder before the conversation began and that it was on during the entire conversation; that later he listened to the tape and to the rerecording of it and that both accurately reflected the conversation; that the tapes had not been altered, changed, or erased in any way; and that the voices heard on the tapes were his and that of the defendant. Before the tapes were played the defendant's counsel was permitted to cross-examine further as to foundation and in so doing he had the witness himself testify as to the entire conversation with the defendant. Later both tapes were played to the jury and the witness then testified to the delivery and the sale, i.e., the physical transactions which the tape did not record, but which it corroborated.

The foundation was clearly sufficient. See cases cited in 58 A. L. R. 2d 1032. Such recordings are also admissible as corroboration of the oral testimony. 58 A. L. R. 2d 1045. The objection that the rerecording was not admissible because it is not the best evidence is not well taken. State v. Lyskoski, 47 Wash. 2d 102, 287 P. 2d 114; Monroe v. United States, 234 F. 2d 49, cert. den. 352 U. S. 873, 77 S. Ct. 94, 1 L. Ed. 2d 76; 58 A. L. R. 2d 1044; United States v. Hall, 342 F. 2d 849 (4th Cir.). The facts in this case do not raise any question of deprivation of rights under either the Fourth or Fifth Amendments to the Constitution of the United States. United States v. King, 472 F. 2d 1.

Neither did the court err in denying the motion for a continuance. The defendant had taken no steps to discover the existence of the tapes and this he could have

done under the provisions of section 29-1912, R. S. Supp., 1972. Furthermore, the defendant himself had the witness testify to the same conversations as were recorded on the tapes, even though the trial court in the exercise of great caution had ruled only one form of the conversation would be admissible. Both forms corresponded in substance. There was no prejudice in any event.

The defendant requested that the jury be given a cautionary instruction as to the weight and credibility of the testimony of an accomplice. The requested instruction was directed to the testimony of the undercover agent. An undercover agent who associates himself with the police before association with the wrongdoer or the actual perpetration of the offense is not an accomplice. 7 Wigmore on Evidence (3d Ed.), § 2060, pp. 340, 341; State v. Arriola, 99 Ariz. 332, 409 P. 2d 37.

The defendant requested and the court refused the following instruction: "Dale Myers, the person on trial in this case, has taken the witness stand and given testimony in his own behalf and in this connection you are instructed that the law of this State is that a person charged with a criminal offense has a right to testify in his own behalf and the jury have no right to disregard such testimony simply on the grounds that he is the defendant and stands charged with the commission of a crime and the jury should consider the evidence given by the defendant together with all of the evidence in this case in determining whether or not he is guilty or innocent of the crime charged." The court gave NJI 14.81, the general instruction on the credibility of witnesses and, of course, the instruction on the presumption of innocence. The testimony of the defendant is not judged by a standard different from that of other witnesses. In State v. Swiney, 179 Neb. 230, 137 N. W. 2d 808, we approved an instruction which said: ". . . the testimony of a defendant is to be considered as that of any other witness, taking into con-

sideration his interest in the result of the trial, his manner, the probability of the testimony, and giving it such weight as it is entitled to receive under the circumstances." This makes it clear that an instruction highlighting the testimony of the defendant is not required. The refusal of the instruction was not prejudicial. The requested instruction is not one approved by rule of this court. See Neb. Pattern Jury Instr., p. IX.

The defendant requested, and the court refused to give, a special cautionary instruction relative to consideration by the jury of testimony of admissions by the defendant. Such an instruction, even though it may be sometimes appropriate, had no application in this case. The defendant made no admissions. There was no testimony that he did. Statements which are part of the transaction which constitute the offense charged are not admissions in the sense in which the term is used in such a cautionary instruction. An admission is an acknowledgment of some fact or circumstance, short of an acknowledgment of guilt, which tends towards proof of the ultimate fact of guilt. Womble v. State, 143 Neb. 667, 10 N. W. 2d 627; 22A C. J. S., Criminal Law, § 730, p. 1024. It generally refers to a past event or transaction and does not include statements which are part of the res gestae. State v. Clark, 102 Mont. 432, 58 P. 2d 276. Evidently the defendant was under the impression that the evidence contained in the tapes constituted evidence of admissions.

The defendant complains of the following instruction: "Knowledge and consciousness of possession are essential elements of proof of possession of controlled substances," because it did not define the term possession. The only evidence of possession in this case tended to prove actual physical possession by the defendant prior to delivery. Under the state of the evidence here no further special definition was required.

The contention of the defendant that the evidence is

insufficient to support the jury verdict is without merit. Samples of the substances which the witness testified he obtained from the defendant in the two transactions were stipulated by the parties to be lysergic acid diethylamide. The remainder of the evidence supporting the conviction was the testimony of the undercover agent as to both transactions and the tape recordings as to one. The testimony was contradicted by other witnesses. The jury believed the undercover agent. The defendant also presented alibi witnesses. These too were also apparently disbelieved by the jury. It is not the province of this court to resolve conflicts in the evidence in this case.

Other assignments made by the defendant are wholly without merit.

AFFIRMED.