FREDERICK L. CROUTER, APPELLEE, V. WILLIAM ROGERS, APPELLANT.

227 N. W. 2d 845

Filed April 10, 1975. No. 39739.

H. E. Hurt, Jr., and James A. Gallant, for appellant.

Wilbur C. Smith and Eileen A. Hansen, for appellee.

Heard before SPENCER, BOSLAUGH, CLINTON, and BRODKEY, JJ., and RONIN, District Judge.

RONIN, District Judge.

This is an action brought by Frederick L. Crouter, plaintiff, to recover damages in a civil action for an assault upon his person by William Rogers, defendant. An answer and cross-petition was filed by the defendant, William Rogers, alleging that the plaintiff, Frederick L. Crouter, had committed an assault and battery against the defendant. The case was tried to a jury which returned a verdict for the plaintiff in the sum of $1,000 against the defendant on plaintiff's petition and for the plaintiff on the defendant's cross-petition. Defendant appeals from the judgment entered against him.

The incident which gave rise to this lawsuit took place on March 30, 1973, in front of the Cuming County courthouse in West Point, Nebraska. The plaintiff, his wife, and his mother-in-law had arrived at the courthouse just prior to the time set for a contested conservatorship hearing of the plaintiff's mother in which the defendant, her friend, was nominated to be appointed her conservator.

The facts of the altercation are in dispute. Briefly stated, the evidence in the record of this case is sufficient that the jury could have found by a preponderance of the evidence that the defendant approached the plaintiff in a threatening manner and, after some loud accusatory words, the plaintiff told the defendant that he had a tape recorder in his hand and he was recording the conversation, and that the defendant "would be prosecuted." The defendant thereupon "bumped" plaintiff with his shoulder and proceeded to grab the tape recorder and, after a struggle for possession of it, the defendant succeeded in forcibly taking it from the plaintiff and damaging it by slamming it into the pavement. Thereafter the defendant threw the tape recorder at the plaintiff or in his direction. The tape itself was not destroyed and was received in evidence.

The defendant assigns as error that the court submitted to the jury the issue of plaintiff's damage, alleging there was no evidence of any damage. The testimony of the plaintiff in substance relates his experiencing of mental anguish, humiliation, and emotional distress as a result of the assault, and that he discussed his problem with psychiatrists with whom he was associated, the plaintiff's profession being that of a psychologist. The trial court properly submitted to the jury the issue of damages in this case. Restatement, Torts, § 903, Comment a; 22 Am. Jur. 2d, Damages, §§ 309, 310, pp. 407, 409.

The defendant's second assignment of error is that the jury's verdict is excessive. In the recent case of Anson v. Fletcher, 192 Neb. 317, 220 N. W. 2d 371 (1974), our court held: "Where recovery is to be had for such subjective elements as the mental anguish caused by a humiliating beating, and the pain and suffering resulting therefrom, an appellate court ought to be very reluctant to substitute its judgment for that of a jury whose function it is to fix recovery." Our court then cited with approval Stewart v. Ritz Cab Co., 185 Neb. 692, 178

N. W. 2d 577 (1970), as follows: "It appears from our cases that where the recovery was not a mere matter of computation, and depends upon the intangible and quite subjective elements of pain and suffering and future disability, that it will not be interfered with unless it is so grossly unresponsive to the evidence to be indicative of prejudice, passion, partiality, or corruption on the part of the jury, or unless it appears to be based upon some oversight, mistake, misconception, or misinterpretation, or a consideration of elements not within the scope of the accident." We reject the defendant's second assignment of error.

The defendant's third assignment of error is that the record does not support a finding of intent on the part of the defendant to commit an assault on the plaintiff.

The trial court in its instruction No. 4, properly defined assault as a "wrongful offer or attempt with force or threats, made in a menacing manner, with intent to inflict bodily injury upon another with present apparent ability to give effect to the attempt." NJI No. 14.10. An intent to inflict bodily injury is an essential element of an assault. Such intent may be "inferred from the words and acts of the defendant and from the facts and circumstances surrounding his conduct." NJI No. 14.11. There is sufficient evidence of the defendant's hostility, his being the aggressor in the altercation, and his violently grabbing the tape recorder from the plaintiff, to warrant submitting this issue to the jury. 6 Am. Jur. 2d, Assault and Battery, § 110, p. 95. We find no merit in this assignment of error.

The last assignment of error raised by the defendant was the admitting into evidence the tape recording taken at the time of the incident by the plaintiff, exhibit 6, and the translation of the recording, exhibit 21, which was read to the jury by the court reporter. Under the circumstances of this case the tape recording of the conversations of the parties immediately prior to and during the altercation is relevant and admissible if a

proper foundation is laid. The rules for proper foundation for the reception of sound recordings into evidence are set forth in State v. Myers, 190 Neb. 146, 206 N. W. 2d 851 (1973), and 58 A. L. R. 2d 1032. The record supports the finding that a sufficient foundation was laid for the admissibility of exhibits 6 and 21, and there was no prejudicial error in this regard.

In reviewing the record in this case, we hold that the trial court properly submitted the issues to the jury, that the jury's verdict was not excessive, and that there was no prejudicial error in the admission of the sound recordings of the altercation into evidence.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.