STATE OF NEBRASKA, APPELLEE, V. ROBERT DEAN SPIDELL, APPELLANT.

233 N. W. 2d 900

Filed October 9, 1975. No. 39932.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

CLINTON, J.

Defendant was found guilty by a jury of the crime of burglary. He was sentenced to a term of 2 to 4 years in the Nebraska Penal and Correctional Complex. Upon this appeal he assigns the following errors: (1) The evidence was insufficient to support the verdict. (2) The trial court erred in admitting, over objection, rebuttal testimony by a deputy sheriff, relating statements made by the defendant within the hearing of that witness and in the presence of the defendant's attorney and the defendant's father, which statements contradicted explanations he had given on the witness stand. (3) The trial court erred in giving to the jury NJI No. 14.12, defining aiding and abetting. (4) The sentence is excessive. We affirm.

A brief and conclusionary summary of the State's evidence disposes of the first assignment. The principal witness for the prosecution was one Jorstad, a confessed accomplice of the defendant in the burglary. Jorstad was apprehended by the police while in the act of burglarizing the Weaver service station at 2400 South 48th Street, Lincoln, Nebraska. Entry had been gained by breaking a window. Jorstad, a former employee of the Weaver station, knew where the combination of the

Weaver safe was recorded. By means of that information, the safe was opened and the contents removed. At that point the burglary was interrupted by appearance of the police, who, during a routine check, observed activity within the building. Jorstad was arrested within the building. Shortly after his arrest he apparently advised the officers of the defendant's participation and the defendant was arrested a few minutes later a short distance away from the station, driving Jorstad's car away from the neighborhood. Jorstad's testimony indicated that the defendant was an actual participant in the burglary and suggested the burglary. The prosecution's theory explaining the failure to apprehend the defendant inside the building was that he had left unobserved through the broken window during the few minutes which elapsed while Jorstad lay on the floor of the station under police cover and during which time the two officers who discovered the burglary remained outside the station awaiting additional police help.

The defendant took the stand in his own defense and denied participation in and knowledge of the crime and gave innocent explanations for his presence in the area in Jorstad's automobile at the time of the arrest.

Clearly the above direct evidence was sufficient to create a jury question. In determining the sufficiency of evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. State v. Cano, 191 Neb. 709, 217 N. W. 2d 480; State v. Garza, 187 Neb. 407, 191 N. W. 2d 454.

The second assignment of error arises from the following circumstances. The defendant testified that Jorstad, on the night of the burglary, loaned his car to the defendant at the defendant's place of residence, and then left the defendant's place in the company of another in-

dividual. He further testified that he then used Jorstad's car to take his sister to her home and performed other errands which accounted for his presence alone in Jorstad's car at the time and place of his arrest. To rebut in part defendant's testimony that he had not accompanied Jorstad that evening, the prosecution presented the testimony of a deputy sheriff who had been charged with the custody of the defendant during trial. This witness testified that during a trial recess while the defendant, his counsel, the defendant's father, and the witness were walking down a hallway in the courthouse, the defendant told his father that the defendant *and Jorstad* had taken the defendant's sister to her home and that the reason the defendant had done this was because he did not want his sister to be alone with Jorstad. The defendant further explained in this conversation that he did not want to use his own car for that purpose at that time of night because it had a defective muffler and was therefore noisy. The objection to this contradicting testimony was founded upon the premise that the matter related was a confidential communication between an attorney and client and was therefore privileged under the provisions of section 25-1206, R. R. S. 1943. The record establishes that the communication was between the defendant and his father, although made in the presence of his attorney. Even if the communication had been between the attorney and client, it would not have been privileged because it was made in the presence of the father and witness, neither of whom were eavesdroppers, but were known to be present. In order to come within the privilege of the statute the communication must have been between the attorney and client and made in the course of professional employment and with reference to the subject matter of that employment. Castle v. Richards, 169 Neb. 339, 99 N. W. 2d 473. Communications between attorney and client made in the presence of others do not constitute "privileged communications" within the mean-

ing of the statute. Beacom v. Daley, 164 Neb. 120, 81 N. W. 2d 907.

The defendant's objection to the giving of NJI No. 14.12 is based upon the position that the State's theory of prosecution was that the defendant was an actual participant in the burglary and its evidence supported only that theory, and that therefore the issue of conviction as a principal under the terms of section 28-201, R. R. S. 1943, by reason of having aided and abetted the crime was not present for the jury's determination and the giving of the instruction was erroneous. State v. Garza, 193 Neb. 283, 226 N. W. 2d 768.

It is true that Jorstad testified the defendant was present and an actual participant in the burglary. He also testified the defendant was the instigator of the crime and suggested its commission. At common law this would make the defendant an accessory before the fact. The evidence further was such that the jury could also have believed defendant was present, merely aiding and abetting as by driving the defendant's vehicle, or giving assistance at the scene by breaking the window, but not making entry. At common law in this latter situation he would have been a principal in the second degree. All these distinctions and that of principal in the first degree have been abolished by section 28-201, R. R. S. 1943. See, Scharman v. State, 115 Neb. 109, 211 N. W. 613; In re Resler, 115 Neb. 335, 212 N. W. 765; Phillips v. State, 154 Neb. 790, 49 N. W. 2d 698; 22 C. J. S., Criminal Law, § 86a, p. 252, § 85, p. 250, § 90, p. 268. Where the evidence in a prosecution for burglary is such as to permit the jury to find that the defendant's participation with another in the crime was such as would make him at common law either an accessory before the fact, a principal in the second degree, or a principal, then it is proper to give an instruction on aiding and abetting under the provisions of section 28-201, R. R. S. 1943. The giving of instruction NJI No. 14.12 was not erroneous and in any event was not prejudicial.

See State v. Garza, 193 Neb. 283, 226 N. W. 2d 768.

The 2 to 4 year sentence was not excessive. The defendant has a previous criminal record, including conviction of one felony from the sentence of which he was on parole at the time of the burgary.

AFFIRMED.