STATE OF NEBRASKA, APPELLEE, v. DONALD LYNCH,
APPELLANT.

243 N. W. 2d 62

Filed June 16, 1976. No. 40401.

Meister & Morrison, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was charged with driving while intoxicated; refusing to submit to a blood, breath, or urine test; resisting police officers in the execution of their duties; and assaulting a police officer. The defendant was tried and found guilty on all four counts by a jury in the county court of Scotts Bluff County. He was sentenced to probation for a period of 1 year on count I, fined $100 and costs, and his regular license suspended. He was granted a probationary driver's license to permit driving for work and probation activities, required to attend a defensive driving course and alcohol abuse course, and assessed rehabilitation fees of $100. The court did not impose a separate penalty on count II. Defendant was sentenced to 30 days in the county

jail on count III, and 30 days on count IV, the sentences to run concurrently. He was granted work release. On appeal to the District Court that judgment and sentence was affirmed.

On February 24, 1975, the defendant, a contractor, was driving his automobile in the City of Scottsbluff, Nebraska, shortly after 9 p.m. A police officer, who knew the defendant and knew his car, followed him for several blocks and observed erratic driving, particularly in making turns. When the defendant parked his car in front of a house in a residential area, the police officer stopped his cruiser behind the defendant's car after calling on the radio for assistance. The officer identified himself to the defendant and asked for his driver's license. The defendant, who had gotten out of his car, was unsteady on his feet, had a minor speech slur, and the officer could smell alcohol. By this time another police officer had arrived and the defendant was asked to take some on-the-spot sobriety tests. The police officers testified that the defendant attempted to perform the tests but was unsteady and had problems in doing so. The officers testified that in their opinions the defendant was intoxicated.

The officers told the defendant he was under arrest. The defendant became argumentative, threatened one of the officers, and backed them up onto the lawn. A brief struggle followed and the officers subdued and handcuffed the defendant and took him to the police station. As the defendant got out of the cruiser at the police station, he swore at the officers and kicked a police lieutenant in the leg. The defendant was taken into the station to be booked. Unknown to him, a tape recorder was turned on in the booking area. The police advised the defendant of his rights and of the consequences of refusal to take the intoxication tests, and the defendant repeatedly refused to take any tests.

The jury found the defendant guilty and he was sentenced.

Defendant's primary assignment of error centers on the admission into evidence of the tape recording made at the police station. He asserts that there was insufficient foundation for the admission of the tape recording; that portions of it violated the attorney-client privilege; and that portions of it were incompetent, irrelevant, and immaterial. The principal foundation for the defendant's argument is that his own abusive, profane, and obscene language was prejudicial to him, even though other portions of the recording might have been admissible.

Tape recordings of relevant and material conversations are admissible as evidence of such conversations and in corroboration of oral testimony of the conversations, provided proper foundation is laid. State v. Myers, 190 Neb. 146, 206 N. W. 2d 851. In the case before us Officer Kinsey identified the tape; testified that it accurately reflected all the conversations and sounds in the booking area of the police station at the time the defendant was booked; and that there were no deletions or changes. After objection by the defendant on the ground of insufficient foundation, the court excused the jury and had the tape played. The witness testified again that it accurately reflected the conversations and sounds of the booking of the defendant; and that there were no deletions or changes from what he heard on that night He also testified that he could identify each voice on the tape, and also testified as to which individuals performed certain actions that were referred to on the tape. Following extensive cross-examination on foundation outside the presence of the jury, the court overruled the objection and received the tape into evidence and permitted it to be played to the jury. The foundation was clearly sufficient and was even more extensive than that approved in State v. Myers, *supra.* The tape recording here was simply verbatim corroboration of conversations and sounds which could have been testified to by any one of several police officers present.

It was also direct evidence of a refusal to take sobriety tests which was the essence of one of the offenses with which the defendant was charged.

Defendant also contends that because the tape included the defendant's side of a telephone conversation with his attorney it was a violation of the attorney-client privilege. The defendant's end of the conversation was carried on in the presence of the police officers and no part of the attorney's conversation is included. In any event, it has long been the rule that communications between client and attorney made in the presence of others do not constitute privileged communications. State v. Spidell, 194 Neb. 494, 233 N. W. 2d 900.

The defendant contends that some of his obscenities and profanities were irrelevant and immaterial and should have been excluded. That language was an integral part of the conversations of the defendant and the conversations were generally relevant on one or more of the issues involved. The trial court is certainly not required to protect the defendant from his own unfortunate choice of language. The use of profane or obscene language in an otherwise admissible statement or conversation does not destroy the nature and meaning of the statement nor make it inadmissible. Determination of admissibility of physical evidence generally rests within the sound discretion of the trial court. The trial court's determination of the admissibility of physical evidence will not be overturned except for a clear abuse of discretion. State v. Torrence, 192 Neb. 720, 224 N. W. 2d 177. There was no abuse of discretion here.

The defendant also complains that the jury was not instructed on the meaning of resistance. The instructions given fairly presented the case to the jury and the defendant did not submit any requested instructions. A party who desires an instruction on some particular question should request it. When the general charge fairly presents the case to the jury, error cannot be predicated on a failure to instruct on some particular

phase of the case unless a proper instruction has been requested by the party complaining. State v. Ford, 186 Neb. 109, 180 N. W. 2d 922.

The defendant complains that he should not have received a jail sentence with work release but, instead, should have been granted probation. Suspension of sentence and granting of probation is discretionary with the trial court and in the absence of an abuse of discretion the trial court's determination will not be disturbed on appeal. State v. Milligan, 195 Neb. 493, 238 N. W. 2d 906. There was no abuse of discretion here.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.