**Michael D. DAVIS, Plaintiff,**

v.

**UNITED STUDENT AID FUNDS, INC., Defendant.**

**Civil Action No. 97–1151–MLB.**

United States District Court, D. Kansas.

Sept. 17, 1998.

Thomas A. Dower, Gilliland & Hayes, P.A., Wichita, KS, for Plaintiff.

Samuel D. Walker, Brian Nuterangelo, Wiley, Rein & Fielding, Washington, DC, Bruce A. Swenson, Derby, KS, for Defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court for consideration of defendant United Student Aid Funds, Inc.'s motion to dismiss. The court has reviewed all documents relevant to this matter including, but not limited to, defendant's motion to dismiss and its supporting memorandum and attachments (Docs. 6 and 7), plaintiff Michael D. Davis' response (Doc. 15), defendant's reply (Doc. 20), and defendant's notice of removal and its various attachments including plaintiff's petition (complaint) (Doc. 1).

### I. NATURE OF CASE

Davis filed this action, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (1998), seeking damages and attorneys fees. Specifically, Davis alleges that United Student Aid Funds, Inc. ("USA Funds") violated sections 1692e(11), 1692c(a)(2), and 1692c(b)[1] of the FDCPA regarding communications and/or correspondence by USA Funds in its attempt to collect on student loan debts. The court has subject matter under 28 U.S.C. § 1331 and now considers USA Funds' motion to dismiss.

### II. STANDARDS OF REVIEW

Courts appropriately render a dismissal under Fed.R.Civ.P. 12(b)(6) "only when it appears that [ ] plaintiff can prove no set of facts in support of the claims that would

---

1. Davis states in paragraph eleven of his petition (complaint) that discussions between employees of USA Funds and a third party are in violation of "15 U.S.C.S. § 1692(c)." The court understands Davis to mean that the allegations presented constitute a violation of section 1692c(b), which outlines communication with third parties.

entitle [ ] plaintiff to relief." *Maez v. Mountain States Tel. And Tel., Inc.,* 54 F.3d 1488, 1496 (10th Cir.1995) (quoting *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir. 1991)) (internal quotations omitted). In a rule 12(b)(6) analysis, courts "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and construe them in the light most favorable to [ ] plaintiff." *Witt v. Roadway Express,* 136 F.3d 1424, 1431 (10th Cir.1998).

Citing *Hall v. Bellmon,* 935 F.2d 1106, 1110–11 (10th Cir.1991), Davis correctly states that "[a] motion to dismiss pursuant to Rule 12(b)(6) is treated as a Rule 56 motion for summary judgment when premised on materials outside the pleadings[,] and the opposing parties have forwarded the same notice and opportunity to respond as provided in Rule 56." However, in spite of what Davis appears to imply, or propose, by including this statement in his standard of review (Doc. 15 at 1–2), the court does not treat the present Rule 12(b)(6) motion as a Rule 56 summary judgment motion.[2] Davis perhaps makes this assumption because USA Funds includes, in addition to two brief references to Davis' complaint, several background statements of law and agency interpretations in its "statement of facts." The court does not consider these additional "facts" to be "materials outside the pleadings." Instead, the statements of law provided by USA Funds, as the court reads them, are more appropriately considered in USA Funds' argument. As for the records, reports, and other materials from administrative agencies, the court may take judicial notice of any facts provided in such materials without converting the Rule

12(b)(6) motion into a Rule 56 motion. *Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir.1994); *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C.Cir. 1997); *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir.1995). The court does indeed take judicial notice of some of these agency materials, which it notes below, but does not expand the present motion beyond Rule 12(b)(6).

## III. FACTS

### A. Pleadings[3]

1. Davis, a resident of Reno County, Kansas, executed certain promissory notes on behalf of his son for the purpose of financing his son's education (Doc. 1, Ex. B, Petition, ¶¶ 1, 4).

2. USA Funds, an Indiana corporation, is a private entity that regularly collects or attempts to collect debts (Doc. 1, Ex. B, Petition, ¶ 5).

3. On or about October 9, 1996, USA Funds sent Davis a "STATEMENT OF PURCHASED ACCOUNT" (Doc. 1, Ex. B, Petition, ¶ 6, Ex. A). The document includes a line, after the date "08/30/96," which states the following: "BORROWER DEFAULT AMOUNT @ VARIABLE INTEREST $1,076.37." Also, the line below that indicates that a gross payment of $200.00 was received on September 10, 1996 (Doc. 1, Ex. B, Petition, Ex. A).

4. On or about October 14, 1996, USA Funds sent Davis a letter, labeled "DELINQUENCY NOTICE." The body of the letter includes the following:

> You have missed your payment due date as agreed upon in the terms of your repayment schedule listed below. Pay-

---

2. Although superficially Davis appears to treat USA Funds' motion as one for summary judgment, he does not follow Rule 56 or D.Kan.Rule 56.1.

3. In several of the allegations in Davis' petition (complaint), he offers a conclusion as part of the allegation. For example, he states the following: "Defendant is a private entity that regularly collects or attempts to collect

debts *within the meaning of 15 U.S.C.S. § 1692(a)(6)*" (Doc. 1, Ex. B, Petition, ¶ 5) (emphasis added). Obviously, a portion of Davis' allegation draws a legal conclusion. The court need not accept conclusory allegations, *Witt,* 136 F.3d at 1431, therefore it excludes the conclusory statements offered by Davis in his petition (complaint) and includes only *factual* allegations.

ment must be submitted today to avoid further action. This action may include offset against your federal tax return or your account being assigned to an attorney for litigation.

(Doc. 1, Ex. B, Petition, ¶ 7, Ex. B).

5. On November 27, 1996, Davis' counsel sent USA Funds a letter indicating to USA Funds that Davis believed it to be in violation of the FDCPA and further advising USA Funds to cease any further communication with Davis pursuant to the FDCPA (Doc. 1, Ex. B, Petition, ¶ 8).

6. Davis' counsel sent USA Funds a letter, dated January 9, 1997, which stated that USA Funds had violated FDCPA in its communications and/or correspondence with Davis. The letter also instructed USA Funds to "cease and desist any further collection activities against [Davis]" (Doc. 1, Ex. B, Petition, ¶ 9, Ex. C).

7. USA Funds sent Davis a letter, dated January 28, 1997, labeled "NOTICE PRIOR TO WAGE WITHHOLDING" (Doc. 1, Ex. B, Petition, ¶ 10, Ex. D).

8. Without the consent of Davis, a discussion about the existence of Davis' indebtedness was held between an unnamed party and two purported employees of USA Funds, Lori Greer and Greer's supposed supervisor, Julie Wolf (Doc. 1, Ex. B, Petition, ¶ 11).

### B. *Agency Materials*

1. In a September 19, 1996, notice of proposed rulemaking regarding the amendment of the HEA's Federal Family Education Loan ("FFEL") regulations, the Secretary of Education stated the following:

> In light of its role in the program and its responsibility for holding and protecting Federal funds, the guaranty agency's role is best characterized as that of a trustee holding money for the benefit of another. Under these circumstances, a guaranty agency is responsible for acting as a fiduciary responsible for protecting the interests of the Department and the taxpayers in the reserve funds.

61 Fed.Reg. 49,382 (Dep't Education 1996) (internal citations omitted); Doc. 20 at 5 n. 4.

2. On November 27, 1996, the Secretary of Education stated the following in regard to an amendment of regulations governing the FFEL Program:

> A party who holds property for the benefit of another and who must carry out specific duties with regard to that property falls clearly within the legal definition of a trustee. A trustee owes a fiduciary duty to the beneficiary. In the case of guaranty agencies, the Secretary (who provides the funds used to maintain the reserve funds and reserve funds assets) is the beneficiary and is entitled to issue appropriate rules to protect the Federal Government's interests in those funds and assets by prohibiting inappropriate uses and protecting against conflicts of interest.

61 Fed.Reg. 60,426, 60,427 (Dep't Education 1996) (internal citations omitted); Doc. 20 at 5.

## IV. *DISCUSSION*

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The "debt collector" category, however, does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiducia-

ry obligation or a bona fide escrow arrangement." 15 U.S.C. § 1692(6)(F)(i).

USA Funds argues that it fits this "fiduciary" exclusion, thereby rendering it outside the FDCPA's definition of a debt collector and immune to FDCPA action.[4] In support of this argument, USA Funds points to interpretive statements made by the Secretary of Education about the status of guaranty agencies.[5] Essentially, USA Funds argues that the declaration by the Secretary of Education that guaranty agencies such as USA Funds are fiduciaries places it squarely within the section 1692a(6)(F)(i) exemption. The court agrees.

### A. USA Funds as a "Holder" of Davis' Note

Under the FFEL Program, lenders may obtain loan guaranties when they make an eligible loan to a parent or student borrower. 20 U.S.C. § 1078(a)(1)(B) (1990) & (Supp.1998). Loan guaranties are made by guaranty agencies, which either are state or non-profit organizations. 34 C.F.R. § 682.200(b). Guaranty agencies have agreements with the U.S. Department of Education ("USDE"), whereby the USDE insures that the agencies shall be reimbursed for loans that go into default. 20 U.S.C. § 1078(c)(1)(A) (Supp.1998). When a borrower defaults on a guaranteed loan, the guaranty agency pays on the guaranty and becomes the "holder" of the note. 20 U.S.C. §§ 1080a(c)(4), 1085(i) (1990). Clearly, by statute, USA Funds is the "holder" of Davis' note.

### B. USA Funds as a Fiduciary

The next issue is whether USA Funds, as guaranty agency and "holder" of Davis' note, enjoys any sort of fiduciary status which would enable it to avoid the "debt collector" category. In this vein, USA Funds proposes to link USA Funds' statutory-based "holder" status to the "fiduciary" exclusion with the statements made by the Secretary of Education in recent FFEL rulemaking. The court first provides a brief discussion of relevant law regarding agency actions and interpretations.

As a general proposition, if Congress has been silent on an issue, a particular agency "possesses broad discretion in administering the law so long as its actions are based on a permissible construction of its enabling statute." *Valley Camp of Utah, Inc. v. Babbitt,* 24 F.3d 1263, 1267 (10th Cir.1994) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984)). An agency possesses this discretion for its interpretations as well as its actions, and

---

4. USA Funds actually offers several arguments on its behalf, however, for the sake of expediency, the court addresses only the section 1692a(6)(F)(i) contention. The court also notes that Davis makes no attempt to address this particular argument in his half-hearted response.

5. Obviously, USA Funds considers itself a "guaranty agency." The court has little trouble recognizing this truism, nor, apparently does Davis. In Davis' response, he states the following: "It is clear that there is some dispute across the country as to whether or not the FDCPA applies to USAF [USA Funds] and other guaranty agencies involved with student loans" (Doc. 15 at 4).

Much of the dispute, as Davis labels it, over guaranty agencies such as USA Funds focuses on whether they actually are covered by the FDCPA's umbrella, *e.g., Brannan v. United Student Aid Funds, Inc.,* 94 F.3d 1260 (9th Cir.1996), *cert. denied,* 521 U.S. 1106, 117 S.Ct. 2484, 138 L.Ed.2d 992 (1997), and *cert. denied by United Student Aid Funds, Inc. v. Brannan,* 521 U.S. 1111, 117 S.Ct. 2496, 138 L.Ed.2d 1003 (1997), or whether, at the next step, they should be considered a "debt collector" under 15 U.S.C. § 1692a(6). *E.g., Games v. Cavazos,* 737 F.Supp. 1368 (D.Del. 1990). In the present case, the court avoids the debate by assuming, merely for the sake of the pending motion, that USA Funds is (1) subject to the FDCPA and (2) a "debt collector" as defined by section 1692a(6) **unless** it fits one of the exclusions covered by sections 1692a(6)(A) –(F). As mentioned previously, the court concerns itself solely with whether USA Funds fits the "fiduciary" exclusion under section 1692a(6)(F)(i), an issue, to the best of this court's knowledge, previously untested in any other court.

courts should be particularly deferential to an agency that is interpreting regulations promulgated by itself. *Culbertson v. United States Dep't of Agric.*, 69 F.3d 465, 467 (10th Cir.1995); *see also Rhode Island Higher Educ. Assistance Auth. v. Secretary, U.S. Dep't of Educ.*, 929 F.2d 844, 857 (1st Cir.1991), *aff'd by Rhode Island Higher Educ. Assistance Auth. v. Riley*, 47 F.3d 1156 (1st Cir.1995) (stating, in the student loan context, that "[i]t is apodictic that a reviewing court should accord an agency's decision considerable deference when that decision involves a technical question within the field of the agency's expertise"). An agency's interpretation of its own regulations should be disturbed only if the interpretation is "unreasonable, plainly erroneous, or inconsistent with the regulations plain meaning." *Id.* (quoting *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir.1993)) (internal quotations omitted). Without question, the court finds that the statements at issue from the Secretary of Education are neither unreasonable, plainly erroneous, nor inconsistent with the regulations plain meaning. In fact, the statements appear to provide clear guidance in regard to how a guaranty agency's role should be perceived as it holds, protects, and carries out duties in relation to federal funds.

As stated above, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement" is exempt from the "debt collector" category. 15 U.S.C. § 1692(6)(F)(i). The Secretary of Education stated, in relation to a guaranty agency's role as a "holder" of Federal funds, that a guaranty agency is aptly labeled a trustee. In this role as trustee, a guaranty agency owes a fiduciary duty to the beneficiary, the Secretary of Education. Certainly, a guaranty agency, in pursuing the collection of a loan in default, is carrying out its role as a fiduciary, and this activity is clearly incidental to a its

"bona fide fiduciary obligation." The court thus concludes that USA Funds, as a guaranty agency, "holder" of Davis' note, and trustee owing a fiduciary duty to the Secretary of Education, fits within the "fiduciary" exemption stated in 15 U.S.C. § 1692(6)(F)(i).

## V. CONCLUSION

For the reasons explained above the court GRANTS USA Funds' motion to dismiss. This matter is hereby dismissed with prejudice.

IT IS SO ORDERED.