Tracey C. MONTGOMERY, Plaintiff,

v.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION, Defendant.

No. 98–1738 (MJD/ABJ).

United States District Court, D. Minnesota.

May 6, 1999.

[redacted]

Daniel W. Stauner, Crystal, MN, for and on behalf of plaintiff.

James M. Jorissen, Edward T. Wahl, Minneapolis, MN, for and on behalf of defendant.

MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Defendant Educational Credit Management Corporation ("ECMC") is a private, non-profit guaranty agency established pursuant to the Federal Family Education Loan Program ("FFELP"), which was enacted pursuant to Title IV, Part B of the Higher Education Act of 1965(HEA), 20 U.S.C. § 1071–99. ECMC is bound by law to diligently pursue collection of past due and delinquent student loans through means mandated by the United States Department of Education ("DOE").

Plaintiff obtained a student loan in the principal amount of $2,589.00 in August 1988 from Norwest Bank, N.A. ("Norwest"). Complaint ¶ 5. The loan was originally guaranteed by the Higher Education Assistance Fund ("HEAF"). *Id.* Norwest submitted a default claim to HEAF, and on January 31, 1992, HEAF paid off the balance of Plaintiff's loan pursuant to the terms of the guaranty agreement. *Id.* ¶ 6. In June 1992, Plaintiff commenced a bankruptcy proceeding under Chapter 13. *Id.* ¶ 7. On August 28, 1998, Plaintiff was discharged from her debts by the Bankruptcy Court. *Id.* Plaintiff's student loan was not discharged in bankruptcy, however. *Id.* A claim regarding the student loan was filed in Plaintiff's bankruptcy proceeding, and as a result, Plaintiff has paid not less than $3,079.48 through the Chapter 13 Trustee, the entities collecting the Student Loan. *Id.* ¶ 8.

HEAF ceased operations in 1993. As part of HEAF's wind down, HEAF transferred its bankruptcy portfolio to the DOE. *Id.* ¶¶ 9 and 10. ECMC was formed in early 1994 as a guaranty agency under FFELP. Declaration of Larry Oxendine, ¶ 4. The DOE loaned ECMC funds to cover start up costs, and facilitated and financed the formation of ECMC in order to create a guaranty agency to administer certain loans held by it. *Id.* In July 1994, the DOE transferred Plaintiff's student loan to ECMC. *Id.* ¶ 10. After Plaintiff's bankruptcy was dismissed, ECMC began collection activity. Plaintiff alleges that she was contacted by David Peterson, an employee of ECMC, who demanded that Plaintiff pay the sum of $1,491.58 to satisfy the debt remaining on the Student Loan. Complaint ¶ 11. Plaintiff's attorney sent a letter to ECMC in December 1997 to advise that Plaintiff was represented by counsel and to request that further communication be directed to said counsel. *Id.* ¶ 14. Plaintiff alleges that ECMC nonetheless continued to contact Plaintiff directly. *Id.*

Plaintiff filed this action alleging ECMC violated the Federal Debt Collection and Practices Act (FDCPA) 15 U.S.C. § 1692 et seq.: by failing to provide her with the consumer warning and verification notice required under the FDCPA; by failing to include in its communications with Plaintiff the statement that the communications were from a debt collector and any information obtained would be used for debt collection purposes; by making misleading statements about the amount of principal

and charges due ECMC; by attempting to collect unauthorized charges; and by contacting Plaintiff after ECMC was notified that she was represented by an attorney. Complaint ¶ 19.

Currently before the Court is ECMC's Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

*Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)*

For the purposes of the Defendants' Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. *Westcott v. Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." *Id.; see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint should not be dismissed because the court doubts a plaintiff may be able to prove all of the necessary factual allegations. *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir.1997) (citation omitted). Rather, a complaint should only be dismissed "in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.*

*Analysis*

ECMC argues that the FDCPA claims must be dismissed as ECMC is not a debt collector subject to regulation under the FDCPA. ECMC argues it is both a creditor and acts pursuant to a bona fide fiduciary obligation when it collects debts for the benefit of the DOE. ECMC also argues that it is a "defacto government actor" that is exempt from regulation under the FDCPA. ECMC further asserts that Plaintiff's state common law claims of invasion of privacy and intentional infliction of emotional distress must be dismissed as they are preempted by the HEA.

### 1. Fiduciary

The FDCPA imposes limitations on debt collectors when collecting on past due debt. 15 U.S.C. § 1692f. "Debt collector" is defined in the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA excludes from the definition of "debt collector" however, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow agent ..." 15 U.S.C. § 1692a(F). ECMC argues that in attempting to collect on Plaintiff's loan, it was acting incidental to a bona fide fiduciary obligation owed to the DOE, thus its actions are not subject to the FDCPA.

As noted previously, ECMC was created pursuant to FFELP, the goal of which is to encourage private lenders to make loans available to students that wish to pursue higher education by guaranteeing the loans through guaranty agency. Oxendine Decl. ¶ 3. The guaranty agency is provided reinsurance through the DOE. *Id.* In the event the borrower defaults on the student loan, the guaranty agency pays the lender and the DOE then pays the guaranty agency through the reinsurance agreement. *Id.* In addition to reinsurance, the DOE also provides to the guaranty agencies advance funds to cover guaranty payments and to capitalize reserve funds and to defray certain administrative costs. *Id.* 20 U.S.C. §§ 1072(a), (c) and 1078(f).

Pursuant to the regulations promulgated to govern the FFELP, guaranty agencies must deposit into their reserve funds, all payments and earnings arising from the guaranty program. 34 CFR

§ 682.410(a)(1). The reserve funds of the guaranty agencies and assets purchased with such reserve funds are deemed the property of the United States "to be used in the operation of the program authorized by [FFELP]". 20 U.S.C. § 1072(g)(1). The Secretary of Education has the authority to order a guarantor to cease any expenditure or transfer of reserve funds assets that the Secretary deems inappropriate and to direct the guarantor to transfer funds to the government or another guarantor. 20 U.S.C. § 1072(g)(1)(A), (B) and (C). Pursuant to the guaranty agreement between the DOE and ECMC, ECMC is required to liquidate the major portion of its reserves on an annual basis and return them to the DOE. Oxendine Decl. ¶ 5.

Like other guaranty agencies, ECMC is required to use "due diligence" to collect on defaulted student loans by following required collection actions. 34 CFR § 682.410(b)(6). The required collection actions include written notice and contact by phone within the first 45 days, and to make two contacts by phone during the period of 45 to 180 days after payment was due. 34 CFR § 682.410(b)(6)(iii) and (iv).

The DOE has taken the position that guaranty agencies are not subject to the FDCPA, in part, because such guaranty agencies have a fiduciary obligation to the federal government.

> Student loan guarantors collect FFELP loans pursuant to a fiduciary obligation because they use reserve funds, which are properly of the United States, to acquire these loans; they hold the loans, like all other assets of those reserve funds, subject to this statutorily recognized Federal beneficial ownership interest; and they collect them pursuant to their obligation as a fiduciary to the federal government. 20 U.S.C. § 1072(g)(1); 34 CFR § 682.410(a)(5); 61 Fed.Reg. 60426, November 27, 1996.

Oxendine Decl. ¶ 9.

The Eighth Circuit Court of Appeals has not addressed this issue, but courts in other jurisdictions have done so. In *Michael D. Davis v. United Student Aid Funds, Inc.*, 45 F.Supp.2d 1104 (D.Kan. 1998), the court dismissed a similar action brought against a guaranty agency attempting to collect on a defaulted student loan on the basis that such guaranty agency was acting incident to a fiduciary obligation. In reaching this determination, the court found persuasive the statements of the Secretary of the DOE that guaranty agencies, as a holder of federal funds, owes a fiduciary duty to the DOE. "Certainly, a guaranty agency, in pursuing the collection of a loan in default, is carrying out its role as a fiduciary, and this activity is clearly incidental to a[sic] its 'bona fide fiduciary obligation.'" *Davis*, at 1109.

In a case factually similar to the present case, the District Court for the Northern District of Alabama also found that ECMC, as a guaranty agency, was not subject to the restrictions of the FDCPA as it was acting incidental to a fiduciary obligation. *Patricia Pelfrey v. Educational Credit Management Corporation*, Civ. No. 98–PT–2422 E (N.D.Ala. Feb. 10, 1999). In reaching its determination, the court relied on the *Davis* decision and the statutory provisions and regulations that provide reserve funds, which include funds collected by the guaranty agencies, are deemed the property of the United States, and that guaranty agencies are bound to engage in certain collection activities and must "exercise the level of care required of a fiduciary charged with the duty of investing the money of others when it invests the assets of the reserve fund." *Pelfrey*, slip op. at 24.

Plaintiff attempts to distinguish *Pelfrey* by arguing such decision does not address 31 U.S.C. § 3718, which addresses government contracts for collection services, and because ECMC did not owe a fiduciary obligation to the DOE until it had collected funds from Plaintiff. Contrary to Plaintiff's assertion, 31 U.S.C. § 3718 has no bearing in this case, as it does not alter the

reasoning that ECMC acts incident to a fiduciary obligation when it collects defaulted student loans. Further, there is no merit to Plaintiff's argument that ECMC did not have a fiduciary obligation to the DOE with respect to Plaintiff's loan until it had collected funds from her. As noted by ECMC, this argument is factually wrong, as ECMC had collected funds from Plaintiff through the bankruptcy trustee. Further, the Court agrees with the argument of ECMC that the finding of a fiduciary obligation should not rest on whether funds had actually been collected, given the litany of activities carried out by ECMC, in fulfilling its role as a student loan guarantor and fiduciary to the DOE.

This Court finds persuasive the decisions in *Davis* and *Pelfrey*, that guaranty agencies act incident to a fiduciary obligation when it attempts to collect on defaulted on student loans.[1] Accordingly, ECMC's motion to dismiss the FDCPA claims must be granted as the FDCPA does not apply to the actions of ECMC.[2]

IT IS HEREBY ORDERED that Defendant ECMC's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

---

1. Because the finding that ECMC is exempt from the FDCPA as it was acting incident to a fiduciary obligation disposes of all claims, the Court takes no position on the remaining arguments of ECMC for dismissal.

2. There is a dispute as to whether Counts II and III of the Amended Complaint are state law claims or whether such claims arise un-

der the FDCPA. Plaintiff has taken the position that such claims arise under the FDCPA. Adopting Plaintiff's position, such claims must also be dismissed as the FDCPA does not apply to the actions of ECMC in attempting to collect on Plaintiff's defaulted student loans.