Vicki **WESTCOTT**, Administratrix of the Estate of Arden Westcott, Deceased, Appellant,

v.

**CITY OF OMAHA**, a Municipal Corporation, Appellee.

No. 89–1709.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1989.

Decided May 8, 1990.

Ronald H. Stave, Omaha, Neb., for appellant.

Thomas O. Mumgaard, Omaha, Neb., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

On October 29, 1986, Joseph Crinklaw, an officer of the Omaha Police Department, responded to a burglary alarm at a pharmacy. When Officer Crinklaw arrived at the pharmacy, he saw Arden Westcott ("Decedent") standing near the store's rear door. Decedent then began to run from Crinklaw, who saw two flashes of light come from Decedent's hand. After seeing the flashes of light, Crinklaw fired two bullets at Decedent; one of the bullets struck Decedent in the back, causing a fatal wound. The only issue in this case is whether a claim based upon that shooting arises out of a battery for the purposes of Nebraska's Political Subdivisions Tort Claims Act, Neb.Rev.Stat. §§ 13–901 to –926 (Reissue 1987). We hold that this claim does arise out of a battery, and we affirm the judgment of the district court.[1]

## I.

In this diversity action, Vicki Westcott ("Appellant" and Administratrix of Decedent's estate) seeks to recover damages from the City of Omaha for the alleged negligence of Officer Crinklaw. Her complaint alleged that:

> Although, never actually observing a firearm, Crinklaw negligently assumed that the fleeing man was armed and that Crinklaw's life was in danger. Crinklaw then negligently determined that defense of self was necessary and fired his service revolver at the fleeing man twice, striking him in the back with one of the shots.

(Appellant's App. at 3). She further alleged that this "constituted negligence which was the proximate cause of the death of plaintiff's decedent." (Appellant's App. at 3). The City denied all of the complaint's allegations, argued that the

---

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

complaint failed to state a claim upon which relief could be granted, and asserted the defenses of contributory negligence and assumption of risk. The City later asserted the defense of sovereign immunity in a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the City argued in that 12(b)(6) motion that Appellant's claim arose out of a battery and was barred by the Nebraska Political Subdivisions Tort Claims Act. That Act authorizes tort claims against municipalities, Neb.Rev.Stat. § 13–908, subject to certain exceptions, one of which applies to "any claim arising out of ... [a] battery," *id.* § 13–910(5). The district court granted the motion to dismiss because it concluded "that even when construing the allegations in the complaint in the light most favorable to the plaintiff, they actually constitute a description of the intentional tort of battery rather than negligence." (Appellant's App. at 15).

Appellant's first argument is that there was no battery because hostile intent is an essential element of battery, and there was no pleading or evidence of such hostile intent in this case. Secondly, she argues that even if there was a battery, her claim does not arise out of the battery itself, but rather out of Crinklaw's negligent assumption that Decedent was armed and that it was necessary to shoot Decedent in self-defense.

## II.

■■■ The parties agree that this case should be analyzed under the rubric of Federal Rule of Civil Procedure 12(b)(6). Technically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted. *See* Fed.R.Civ.P. 12(b). But since Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted" may be advanced in a motion for judgment on the pleadings under Rule 12(c), we will treat the City's motion as if it had been styled a 12(c) motion. *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187 (8th Cir.1988). This distinction is purely formal, because we review this

12(c) motion under the standard that governs 12(b)(6) motions. *Id.; accord Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir.1987) (collecting cases).

It is settled in this circuit that "[w]hether a complaint states a cause of action is a question of law which we review on appeal de novo." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). We assume that well-pleaded factual allegations in the complaint are true "and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Id.* We do not, however, blindly accept the legal conclusions drawn by the pleader from the facts. *Morgan*, 829 F.2d at 12; 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 595–97 (1969). After so construing the complaint, we should affirm the granting of a 12(b)(6) motion only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Morton*, 793 F.2d at 187. It is also established that "in the absence of controlling state precedent, we accord substantial deference to the district court's interpretation of state law." *Kansas State Bank v. Citizens Bank*, 737 F.2d 1490, 1496 (8th Cir.1984).

■■■ Appellant argues straightforwardly in her brief that a "negligent calculation on the part of Officer Crinklaw led to his purposely and intentionally pointing the gun at Plaintiff's decedent and pulling the trigger." (Appellant's brief at 9). Relying on *Newman v. Christensen*, 149 Neb. 471, 31 N.W.2d 417 (1948), she then contends that Crinklaw, nonetheless, did not commit a battery under Nebraska law because he did not act with the requisite hostile intent. In *Newman*, the Nebraska Supreme Court compiled many definitions of battery. Among other things, the court stated that an "[a]ssault and battery consists in an injury actually done to the person of another in an angry, revengeful, or insolent manner." *Id.* at 474, 31 N.W.2d at 419 (quoting *Miller v. Olander*, 133 Neb. 762, 765, 277 N.W. 72, 73 (1938)). Thus, even though Appellant argues that Crinklaw intentionally pointed his gun at Decedent and fired it, she contends that there was no hostile in-

tent, which we can only conclude is a reference to motivation. *See* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on The Law of Torts* § 8, at 35 (5th ed. 1984) [hereinafter *Prosser*] (contrasting intent and motive). Her argument is unavailing, however, because we believe that the exhaustive discussion of the mental requirements for battery in *Bergman by Harre v. Anderson*, 226 Neb. 333, 411 N.W.2d 336 (1987), indicates that a hostile motive is not an element of battery in Nebraska. In *Bergman*, the court stated that:

> Both the intentional tort of battery and the intentional tort of assault require an intent which may be shown by proof that the defendant intended to physically injure or contact another or intended to cause apprehension that such physical injury or contact is imminent. However, such intent contemplates only the intent to cause physical contact or injury or arouse an apprehension of imminent injury, as the assailant need not intend the precise or particular injury which followed as the result of the assault or battery.

*Id.* at 337, 411 N.W.2d at 339 (citation omitted).

■ Not only is Appellant's argument contrary to *Bergman*, it is in direct conflict with general commentaries on the law of torts. For example, Dean Prosser stated that a "defendant may be liable [for battery] when intending only a joke, or even a compliment, as where an unappreciated kiss is bestowed without consent, or a misguided effort is made to render assistance." *Prosser, supra*, § 9, at 41–42 (footnotes omitted); *see also* Restatement (Second) of Torts § 13 comment c (1965). Indeed, in *Carlile v. Bentley*, 81 Neb. 715, 116 N.W. 772 (1908), a case that was neither discussed nor distinguished in *Newman*, the Nebraska Supreme Court stated that "[i]t is not apparent how the motive of defendant could have been material" in a battery suit. *Id.* at 723, 116 N.W. at 775.

Appellant argues that Officer Crinklaw intentionally pointed the gun at Decedent, pulled the trigger, fired two bullets at Decedent, and hit him with one of those bullets. We believe that these facts are sufficient to establish a battery under Nebraska law.

## III.

■ Finally, Appellant argues that Crinklaw's decision to shoot, based on the negligent assumption that Decedent was armed, provides a basis for recovery that is independent from the battery. The Nebraska Supreme Court held in *Wilson v. Gutschenritter*, 185 Neb. 311, 175 N.W.2d 282 (1970), that police officers commit an assault and battery if they "use[] more force and violence than was reasonably necessary to safely arrest and detain [someone] in custody." *Id.* at 317, 175 N.W.2d at 286. In light of *Gutschenritter*, we believe that Appellant is by artful pleading attempting to dissect Crinklaw's conduct too finely. As we set forth above, she alleges that Crinklaw negligently assumed that the fleeing man was armed and that Crinklaw's life was in danger, negligently determined that defense of self was necessary, and then fired at the fleeing man.

We view this issue as primarily one of characterizing the pleaded conduct, and we cannot conclude that the district court erred in determining that the allegations "actually constitute a description of the intentional tort of battery rather than negligence." (Appellant's App. at 15). The United States Supreme Court considered analogous allegations in *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), which involved a claim that the Army negligently failed to exert control over a soldier who was known to be dangerous and who later shot another serviceman. One of the issues in the case was whether the claim was barred by 28 U.S.C. § 2680(h) (1982), which bars tort suits against the United States based upon "[a]ny claim arising out of assault [or] battery." *Id.* In answering that question, Chief Justice Burger stated that:

> No semantical recasting of events can alter the fact that the battery was the immediate cause of Private Shearer's death and, consequently, the basis of respondent's claim.

Respondent cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee. *Shearer*, 473 U.S. at 55, 105 S.Ct. at 3041 (emphasis in original). Although only four Justices concurred in these statements,[2] and although *Shearer*'s broad statements must be qualified in certain situations, *see Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988), we find *Shearer*'s analysis compelling in the present context, especially in the absence of contrary state precedent. Therefore, although the complaint is grounded in negligence, we conclude that the alleged negligence was inextricably linked to a battery, and that this suit is thus barred by the Nebraska Political Subdivisions Tort Claims Act.

### IV.

 Two additional issues, meriting brief discussion, arose at oral argument. First, Appellant's counsel contended that, since the City pleaded the defenses of contributory negligence and assumption of risk in its answer, it was estopped from arguing that the claim arose out of a battery. Since that argument was not presented to the district court, we decline to consider it. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir.1986). We were also made aware during argument that Appellant has also filed a claim under 42 U.S.C. § 1983 (1982), based upon the facts that gave rise to this case. No issue is presented to us concerning the relationship between the two actions, but we note that section 1983 suits may be subject to claim preclusion. *See Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 80–85, 104 S.Ct. 892, 895–98, 79 L.Ed.2d 56 (1984).

### V.

The facts alleged by Westcott in her complaint amount to a battery. Under Nebraska law, municipalities may plead the defense of sovereign immunity to avoid any state-law claims arising out of an assault or battery. Neb.Rev.Stat. § 13–910(5). Therefore, the district court correctly dismissed this action for failure to state a claim upon which relief can be granted, and its judgment is affirmed.

---

2. Only eight Justices took part in the consideration of the case.