24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Anthony L. JACKSON, Appellant,
v.
BALE CHEVROLET GEO, Appellee.
 No. 93-4096.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 13, 1994.
Filed: May 25, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony L. Jackson appeals the district court's[1] dismissal of his 42 U.S.C. Secs. 1981 and 1983 discriminatory discharge action. We affirm in part, reverse in part, and remand.
 
 
 2
 Jackson filed a pro se complaint under sections 1981 and 1983 against Bale Chevrolet Geo (Bale) alleging that he was discharged from his employment because of his African-American race in violation of his constitutional rights. Jackson was discharged on July 16, 1993; he brought this action on September 27, 1993.
 
 
 3
 Finding that Jackson's complaint did not allege discrimination in the making of a contract, the district court dismissed Jackson's section 1981 claim for failure to state a claim, relying on Taggart v. Jefferson County Child Support Enf. Unit, 935 F.2d 947, 948 (8th Cir. 1991) (en banc) (Supreme Court's decision in Patterson v. McClean Credit Union, 491 U.S. 164 (1989), "bars discriminatory discharge claims under Section 1981"). The court dismissed Jackson's section 1983 claim because the complaint alleged discriminatory discharge by a private corporation and not by "any person acting under color of state law."
 
 
 4
 This court reviews de novo a district court's dismissal of an action for failure to state a claim. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). This court presumes all factual allegations in the complaint are true, and construes the complaint and all reasonable inferences in favor of the pleader. Id. A dismissal will be affirmed only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Westcott, 901 F.2d at 1488. Pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 5
 In dismissing Jackson's section 1981 claim, the district court erroneously relied on Taggart. The Civil Rights Act of 1991, effective November 21, 1991, statutorily overruled the portion of Patterson on which Taggart relied, by redefining the term "make and enforce contracts" to include termination of contracts. 42 U.S.C. Sec. 1981(b); Hicks v. Brown Group, Inc., 982 F.2d 295, 296 (8th Cir. 1992) (en banc), cert. denied, 61 U.S.L.W. 3669 (U.S. May 2, 1994) (No. 92-1538). As Jackson's alleged discriminatory discharge occurred in 1993, the Civil Rights Act of 1991 controls and his discriminatory discharge claim is actionable under section 1981.
 
 
 6
 We agree with the district court that Jackson failed to state a section 1983 claim as the complaint does not allege state action. Although a private party may be held liable on a section 1983 claim, he must be a "willful participant in joint action with the State or its agents." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)), cert. denied, 114 S. Ct. 1055 (1994).
 
 
 7
 Accordingly, the dismissal of Jackson's 1983 claim is affirmed; the dismissal of his 1981 claim is reversed and remanded for further proceedings.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas