**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2048WM

_____

| | | |
|---|---|---|
| Marc Colley, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Board of Police Commissioners, Kansas | * | Appeal from the United States |
| City, MO; James F. Ralls, President; | * | District Court for the Western |
| Jack W. R. Headley, Vice-President; | * | District of Missouri. |
| Dona Boley, Treasurer; Stacey Daniels, | * | |
| Dr., Member; Honorable Emanuel | * | [UNPUBLISHED] |
| Cleaver, ex-officio member, all parties | * | |
| above in their official capacities as | * | |
| members and officers, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 16, 1997
Filed: November 4, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

At a time when Marc Colley was a Kansas City police officer, Colley was involved in a physical altercation with an arrestee at police headquarters. The incident was captured on police video tape, and the tape was replayed on television. Colley was

later convicted of assault and lost his job as a police officer. Colley then sued the members of the Board of Police Commissioners of Kansas City (the Board) contending the Board released the tape to the media in violation of state and federal law. The district court granted the Board's motion for judgment on the pleadings under Fed. R. Civ. P.12(c). The district court rejected Colley's state law claims because the tape's release did not violate state law and the Board was entitled to sovereign immunity on Colley's action for invasion of privacy under state tort law. The district court also ruled that Colley could not maintain his federal claims against the Board under a respondeat superior theory. Contrary to Colley's view, Colley's criminal activity is not protected by the federal constitutional right to privacy. See Eagle v. Morgan, 88 F.3d 620, 625 (8th Cir. 1996)

Having reviewed the district court's grant of judgment on the pleadings de novo using the same standard that governs motions under Fed. R. Civ. P. 12(b)(6), see Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990), we conclude the judgment of the district court was correct. Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-