**Robert KNOLL and, Lynette Knoll, Plaintiffs,**

v.

**CITY OF CHESTERFIELD, MISSOURI, Defendant.**

No. 4:99CV542–DJS.

United States District Court, E.D. Missouri, Eastern Division.

Oct. 14, 1999.

Andrew B. Leonard, Brian E. McGovern, McCarthy and Leonard, Chesterfield, MO, for Plaintiff.

Douglas R. Beach, Robert M. Heggie, Patrick I. Chavez, Beach and Burcke, St. Louis, MO, for Defendant.

## ORDER

STOHR, District Judge.

This matter comes before the Court on defendant's motion to dismiss plaintiff Lynette Knoll's complaint for failure to state a claim. Plaintiff's claim is based on the following set of facts. Lynette Knoll, the wife of Chesterfield police officer Robert Knoll, posted a sign in front of the residence she shares with her husband endorsing a political candidate for Chesterfield City Council. The City of Chesterfield directed Robert Knoll to remove the sign posted by his wife, citing the city's Rules and Regulations Manual, chapter III, section 5, paragraph 3, which provides in part: "City employees may not participate in, or assist any candidate for elections to city officer except by individual ballot." Lynette and Robert Knoll filed a petition for declaratory judgment with this Court, seeking a determination on the constitutionality of the city's rule. Defendant now argues that Lynette Knoll must be dismissed from the suit because she does not have standing.

For the purposes of a motion to dismiss, the Court takes all facts alleged in the complaint as true. *Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990). Further, the Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiffs. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). A motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Id.; see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Several Supreme Court cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or

'hypothetical,'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* at 38, 43, 96 S.Ct. 1917. When the plaintiff is not the object of the government action being challenged, standing is not precluded, but is substantially more difficult to establish. *Lujan,* 504 U.S. at 562, 112 S.Ct. 2130. The party invoking federal jurisdiction bears the burden of establishing these elements. *See FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

■ Both plaintiffs and defendant cite *Horstkoetter v. Department of Public Safety,* 159 F.3d 1265 (10th Cir.1998), as an analogous case. In *Horstkoetter,* two highway patrolmen and their wives brought suit under 42 U.S.C. § 1983 against the Oklahoma Department of Public Safety, asserting that the department violated their First Amendment rights by ordering the patrolmen to remove political signs their wives had placed in the yards of their private residences. The Tenth Circuit concluded that the wives had no standing to raise claims of their own, because the Highway Patrol policy at issue could, by its terms, apply only to troopers and not their spouses:

> For instance, the Oklahoma Highway Patrol could not have fined the wives, could not have imposed any criminal penalties upon the wives, or, because they are not troopers, taken disciplinary action against the wives in their respective employment situations.

*Id.* at 1279. For similar reasons, this Court agrees that Lynette Knoll cannot

establish injury in fact. Plaintiffs' pleadings do not allege the imminent infliction of injury by the city upon Lynette Knoll. Instead, the petition alleges only that the city has directed Robert Knoll to remove the sign (¶ 8) and threatened Robert Knoll with disciplinary action (¶ 9). While Robert's choices have ramifications impacting Lynette—namely the removal of the sign allegedly posted by her, or financial impact on the family as a whole—the city's alleged conduct is not directed at Lynette and threatens no direct injury to her. To expand the concept of standing to encompass familial economic interdependence would allow, for example, an employee's spouse and dependents to bring derivative causes of action in almost any suit based on the employee's termination or suspension without pay. Without injury in fact, Lynette Knoll lacks standing to assert constitutional claims in her own right.

Plaintiffs' reliance upon the *Horstkoetter* case is attributable to the Tenth Circuit's statement that the wives in that action "have standing only to raise the same claims as their husbands." *Id.* at 1279. Careful reading of the opinion indicates that this location means merely that the indirect injuries to the wives are redressible through their husband's claims, not that the wives have viable claims of their own distinct from those otherwise asserted by their spouses:

> In other words, based on this [indirect] injury, the wives' claims would in essence be that the state cannot constitutionally discipline their husbands for having political signs on their residential property, the same claim raised by their husbands.

*Id.* This observation by the Tenth Circuit does not, in the Court's view, lend any support to a finding of separate standing on the part of Lynette Knoll.

Plaintiffs also cite *Oehrleins and Sons and Daughter, Inc. v. Hennepin County,* 115 F.3d 1372 (8th Cir.1997), an Eighth Circuit case which holds that indirect economic injury can be sufficient to show

injury in fact. Despite the finding that the consumer plaintiffs' indirect economic injury constituted injury in fact, in *Oehrleins* the Eighth Circuit ultimately determined that those plaintiffs had no standing because they sought to assert the constitutional rights of third parties. Here, as in *Oehrleins,* there exists no reason to relax the prudential bar against such third-party standing where the party whose rights are directly affected is actively litigating his own claims. *Id.* at 1381.

For all the foregoing reasons, the Court concludes that Lynette Knoll does not have standing to assert claims independent of her husband's claims and cannot establish a basis for third party standing.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff Lynette Knoll's complaint for failure to state a claim [Doc. # 15] is granted.