**Melinda MORSE, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**DUN & BRADSTREET, INC., d/b/a Dun & Bradstreet Receivable Management Services, Defendant.**

**No. Civ99–269DSDJMM.**

United States District Court, D. Minnesota.

March 14, 2000.

Steven E. Bizar, Michael D. Epstein, Montgomery McCracken Walker & Rhoads, Philadelphia, PA, Brian Melendez, Faegre & Benson, Minneapolis, MN, for Defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on the parties' cross motions for judgment on the pleadings. Based on a review of the file, record, and proceedings herein, the court denies plaintiff's motion and grants defendant's motion.

## BACKGROUND

This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. Plaintiff Melinda Morse is a consumer who resides in St. Paul, Minnesota. Defendant Dun & Bradstreet Inc. d/b/a Dun & Bradstreet Receivable Management Services operates a nationwide debt collection agency out of Atlanta, Georgia. Sometime prior to April 1, 1998, plaintiff engaged in a consumer credit transaction with MCI Telecommunications. Plaintiff became delinquent on her payments and MCI referred her account to defendant for collection.

On or about April 1, 1998, defendant sent a "form dunning letter" to plaintiff. In the middle of the front page of the letter, the following language appears: "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION." The back page of the letter contains three paragraphs comprising FDCPA-required notices, followed by a chart captioned: "Note the following which apply in the specified states." Under the column headings of "STATE" and "APPLICABLE NOTICE," the chart sets out several state-specific notices, one of which is labeled "Colorado (consumers only)" and reads:

If you notify this office in writing that (A) you refuse to pay the debt or want us to cease further communication, then we shall not communicate further with you except to advise you that: 1) we or the creditor: a) may invoke specified remedies ordinarily invoked; or b) intend to invoke specified remedies permitted by law; or 2) our collection efforts are being terminated; (B) you wish us to cease contact by phone at your place of employment, no such further contact will be made. This collection agency is licensed by the Colorado Collection Agency Board, 1525 Sherman St., Denver, Colorado 80203. Payments by consumers should not be sent to the Collection Agency Board.

Colorado law requires the inclusion of this language. See Colo.Rev.Stat. § 12–14–105(3)(c) (1996). Consumers throughout the United States have many of these same rights under federal law. See 15 U.S.C. § 1692c(c). However, unlike Colorado law, the FDCPA does not require debt collectors to include notice of these federal rights in communications to debtors.

Plaintiff contends that the presence of the Colorado notice provision on a debt collection letter sent to her as a Minnesota consumer violates the FDCPA because it "expressly states that only the residents of

Colorado have the rights set forth," even though all consumers have essentially equivalent rights under the FDCPA. Plaintiff therefore claims that the Colorado notice provision constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e. Defendant argues that as a matter of law, the Colorado notice provision is not "false, deceptive, or misleading," and moves pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings. Plaintiff has filed a cross motion for judgment on the pleadings.

## DISCUSSION

■ Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. *See National Car Rental Sys., Inc. v. Computer Assocs. Int'l. Inc.,* 991 F.2d 426, 428 (8th Cir.1993). In determining whether any material issues of fact remain, the court must accept all facts pled by the non-moving party as true and all reasonable inferences must be construed in favor of the non-moving party. *See Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990). With this standard at hand, the court considers the parties' cross motions.

Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. in 1977 in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (1998). Among other things, the FDCPA establishes a general prohibition against the use of "any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

■ Whether a communication is "false, deceptive or misleading", as prohibited by the FDCPA, is generally judged from the perspective of the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2nd Cir.1993). The least sophisticated consumer standard "effectively serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretation of collection notices." *Clomon,* 988 F.2d at 1320; *cf. Gammon v. GC Servs. Ltd. Partnership,* 27 F.3d 1254, (7th Cir.1994) (applying the standard of the "unsophisticated consumer" rather than the "least sophisticated consumer" in order to protect uninformed, naive or trusting consumers and at the same time preserve an objective element of reasonableness.)

■ Plaintiff contends that defendant's multistate form letter leads the least sophisticated consumer from any state other than Colorado to erroneously conclude that she is not entitled to the rights set forth in the Colorado box, when in fact these protections are essentially afforded to all consumers under 15 U.S.C. § 1692c(c). However, as defendant argues, in order for a non-Colorado consumer to reach this conclusion, she would have to: (1) read the back page of the letter from top to bottom (a significant proposition for sophisticated and unsophisticated consumers alike), (2) carefully review notices that are clearly labeled as applicable to residents of states other than her own, (3) infer that what applies in Colorado does not apply in her own state, (4) conclude that she cannot possibly have such rights under any other laws.

The court finds that this improbable sequence of actions, inferences and conclusions exceeds the level of reasonableness ⋅

imposed by the least sophisticated consumer standard and constitutes the sort of idiosyncratic interpretation that the standard is designed to guard against. As Judge Posner recently concluded in his analysis of a similar Colorado notice provision in *White v. Goodman*, 200 F.3d 1016 (7th Cir.2000): "Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one." *Id.* at 1020.

Moreover, a finding of liability under these circumstances would require defendant to redraft its collection letter to include both the mandatory Colorado notice provision as well as revised prefatory language alluding to rights under federal law. The net outcome is to punish defendant for its compliance with state statutory law and essentially rewrite the FDCPA to contain a disclosure requirement that Congress clearly chose not to include when it enacted the FDCPA. Such judicial tampering with the FDCPA would be "an inappropriate exercise of judicial power." *Brown v. ABC Bus. Servs., Inc.*, No. 95 Civ. 10197, 1996 WL 469588, at *3 (S.D.N.Y. Aug. 16, 1996).

Defendant has clearly attempted to comply with the requirements of various state and federal debt collection laws. Its form dunning letter in no way exemplifies the abusive behavior or false or misleading practices that Congress had in mind when it enacted the FDCPA.[1] Accordingly, the court grants defendant's motion for judgment on the pleadings and denies plaintiff's cross motion.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for judgment on the pleadings is granted.

2. Plaintiff's motion for judgment on the pleadings is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

1. See, for example, the non-exhaustive list of proscribed conduct under 15 U.S.C. § 1692e: misrepresenting the character, amount or legal status of any debt (§ 1692e(2)(A)), misrepresenting or implying that a collection communication comes from an attorney (§ 1692e(3)), misrepresenting or implying that the consumer committed a crime (§ 1692e(7)), or threatening to communicate false credit information to third parties (§ 1692e(8)).