# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2069

_____

J. Michael Cormack,                              *
                                                 *
         Plaintiff - Appellant,                  *
                                                 *
    v.                                           *
                                                 *
Candice Settle-Beshears, individually            *
and in her official capacity as City             *    Appeal from the United States
Attorney; City of Van Buren, Arkansas,           *    District Court for the Western
a municipality and political subdivision;        *    District of Arkansas.
Wesley Sandlin, VBPD Officer, Badge              *
#480, in his official and individual             *
capacity; Chris Hoffsomer, VBPD                  *
Officer, Badge #429, in his official             *
and individual capacity,                         *
                                                 *
         Defendants - Appellees.                 *

_____

Submitted: December 13, 2006
Filed: January 23, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

    J. Michael Cormack commenced this § 1983 action against the City of Van Buren, Arkansas and several of its employees, alleging that his constitutional rights were violated when Van Buren annexed his land and applied a city ordinance to

prohibit fireworks from being sold on it.  The district court[1] granted the defendants' motion to dismiss all claims, and Cormack appeals.  We affirm.

Cormack owns property on which he has been operating a golf driving range. In 1999 he entered into a written lease agreement allowing part of his property to be used for the sale of fireworks to the general public between June 20 and July 5 of every year.  The lease was to run for ten years, after which it could be extended for another twenty.  The lessee paid Cormack a flat fee as well as a percentage of the firework sales.  Cormack's property was outside the Van Buren city limits until September 2004, when the city council of Van Buren enacted an ordinance annexing various parcels of unincorporated property within the city boundaries.  Cormack alleged in his complaint that he received no notice from the city that it was considering annexation and that he only became aware of the possible annexation when a local television reporter told him about it.  Despite Cormack's opposition, the city annexed his property.

In June 2005 the tent from which the fireworks were to be sold was again erected on Cormack's land.  The city ordinance prohibiting the sale of fireworks provided that a violation of the ordinance was a misdemeanor punishable by a fine. On June 13 appellee Wesley Sandlin, Van Buren's code enforcement officer, went to Cormack's property and told him to take the tent down.  Cormack asked why and Sandlin replied, "Only the mayor of Van Buren can approve this."  When the mayor was contacted, he referred all inquiries to the city attorney, appellee Candice Settle-Beshears.  She told Cormack's lawyer that the "building code" prohibited the sale of fireworks.  The next day the lawyer faxed a letter to Settle-Beshears and the mayor of Van Buren maintaining that under the takings clause of the Constitution Van Buren could not restrict Cormack's sale of fireworks and stating that Cormack would begin selling fireworks on June 20.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

-2-

On June 17 Settle-Beshears informed Cormack's counsel that she would direct code enforcement to "shut the business down" if he went ahead with his plans. Police officers Sandlin and Chris Hoffsomer went to Cormack's property on June 20 and cited him for violating the city ordinance. Cormack's complaint alleges that the officers shut down his business "upon threat of arrest and deprivation of civil liberty." At oral argument counsel stated that the officers wrapped police tape around the fireworks tent and told Cormack they would arrest him if he removed the tape. Cormack contested his citation in state court and was found guilty in a criminal proceeding in municipal court. He appealed, and the case is still pending before an Arkansas district court.

On the same day that Cormack was cited for violating the city ordinance, he filed a complaint in federal district court under 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution. The district court dismissed all of plaintiff's claims against the city. It ruled that it could not consider Cormack's claims under the Fifth and Fourteenth Amendments because Cormack had not exhausted his remedies under state law. It dismissed his Fourth Amendment claim without prejudice under Younger v. Harris, 401 U.S. 37 (1971), and his First Amendment claim for failure to state a valid claim. Holding that the individual defendants were entitled to qualified immunity, the court also dismissed plaintiff's claims against them. Cormack appeals. We review the grant of a motion to dismiss de novo, taking all well pleaded factual allegations in the complaint as true and making all reasonable inferences in favor of the plaintiff. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

Cormack has not raised any First Amendment argument on appeal so it is waived, see Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006), and we turn to his claim under the Fifth Amendment. He argues that Van Buren's annexation of his property and enforcement of its ordinance prohibiting the sale of fireworks amounted to a regulatory taking. Although under Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985),

federal courts are barred from considering the merits of a takings claim until a private litigant exhausts state remedies, Cormack believes that an exception applies to this case. If a state's remedies are inadequate or unavailable, exhaustion is not required, see id. at 196-97, and Cormack claims that Arkansas has no remedy which would adequately compensate him for the taking.

This exception to Williamson County is narrow, and the claimant bears the "heavy burden" of showing that the state remedy is inadequate. Deniz v. Municipality of Guaynabo, 285 F.3d 142, 146 (1st Cir. 2002). We have been unable to find a case in which this court has declared a state's inverse condemnation procedures to be inadequate, and in Collier v. City of Springdale, 733 F.2d 1311 (8th Cir. 1984), we held that Arkansas provides adequate mechanisms for its citizens to be justly compensated for takings. See id. at 1316-17.

At oral argument counsel for Cormack contended that case law since Collier demonstrates that Arkansas state remedies are inadequate, but he did not say how the regulatory takings jurisprudence of Arkansas is inconsistent with the Supreme Court's leading decisions, let alone demonstrates that Arkansas courts provide less constitutional protection than the federal courts. While the Arkansas Supreme Court phrases its evaluation of takings claims differently from the United States Supreme Court, there is simply no indication that Arkansas gives landowners less protection than "the federal baseline." Kelo v. City of New London, 125 S. Ct. 2655, 2668 (2005).

Cormack next argues that the way in which the city annexed his land violated the Fourteenth Amendment by failing to provide him with due process before the annexation. He claims that he was not given notice of the contemplated annexation fifteen days before the Van Buren city council's hearing on the annexation ordinance as required by Arkansas law. See Ark. Code Ann. 14-40-502(b). He also claims that when he attended the hearing he was never told that the sale of fireworks would be prohibited if his property were annexed.

We assume as we must, see Westcott, 901 F.2d at 1488, that the city council failed to provide Cormack the notice which is required by Arkansas law. This violation of Arkansas law does not offend the federal Constitution, however, because "a sovereign vested with the power of eminent domain may exercise that power consistent with the constitution without providing prior notice, hearing or compensation so long as there exists an adequate [postdeprivation] mechanism for obtaining compensation." Collier, 733 F.2d at 1314. Because Cormack has not shown that Arkansas lacks an adequate postdeprivation mechanism to provide him with just compensation for the alleged taking, his due process claim must fail.

Cormack contends that the city violated his Fourth Amendment rights when its agents issued him a citation for selling fireworks on his property and put up police tape on the fireworks tent and threatened him with arrest if he removed the tape. The district court abstained under Younger v. Harris from exercising jurisdiction over this claim. Younger abstention is appropriate when (1) the federal action would disrupt an ongoing state judicial proceeding (2) which implicates important state interests and (3) which provides an adequate opportunity to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Here, the state criminal proceedings against Cormack are still pending before an Arkansas district court in which he can presumably raise the Fourth Amendment in defense. In these circumstances abstention is appropriate. Moreover, state interests in land use regulation may also be implicated in that case. See Night Clubs, Inc. v. City of Fort Smith, 163 F.3d 475, 480 (8th Cir. 1998).

Lastly, Cormack argues that the district court erred when it found that appellees Settle-Beshears, Sandlin, and Hoffsomer were entitled to qualified immunity. We need not reach this point since Cormack's takings claim against all the appellees is not yet ripe. His due process claims against the individual appellees should be dismissed because Cormack's complaint fails to allege that they participated in the acts which he alleges were unconstitutional. With respect to the Fourth Amendment claims against these appellees, there is no need to reach the qualified immunity issue because we

have concluded that <u>Younger</u> abstention was proper. <u>See</u> <u>Warmus v. Melahn</u>, 62 F.3d 252, 257 (8th Cir. 1995), <u>vacated on other grounds</u>, 517 U.S. 1241 (1996).

We conclude that the district court properly dismissed Cormack's complaint and accordingly affirm its judgment.

_____