Michael HARA, on behalf of himself and all others similarly situated, Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY, Defendant.

Sandra Kluessendorf, on behalf of herself and all others similarly situated, Plaintiff,

v.

Progressive Preferred Insurance Company, Defendant.

Sharon K. Palmer, on behalf of herself and all others similarly situated, Plaintiff,

v.

Illinois Farmers Insurance Company, Defendant.

David Johnson, on behalf of himself and all others similarly situated, Plaintiff,

v.

American Family Mutual Insurance Company, Defendant.

Civ. Nos. 10–3944 (PAM/JJK), 10–3945 (PAM/JJK), 10–3956 (PAM/JJK), 10–4224 (PAM/JJK).

United States District Court, D. Minnesota.

April 12, 2011.

Brant D. Penney, Garrett D. Blanchfield, Jr., Reinhardt Wendorf & Blanchfield, St. Paul, MN, Bryan G. Kolton, John G. Jacobs, Jacobs Kolton, Chtd, Chicago, IL, Christopher P. Caputo, Joseph E. Mariotti, Caputo & Mariotti, PC, Moosic, PA, Gary M. Goldstein, Ira Neil Richards, Jennifer Agnew, Kenneth I. Trujillo, Trujillo Rodriguez & Richards, LLC, Philadelphia, PA, for Plaintiffs.

Thomas Fraser, Joseph J. Cassioppi, Fredrikson & Byron, P.A., Minneapolis, MN, Robert N. Feltoon, Deborah J. Krabbendam, Conrad O'Brien PC, Philadelphia, PA, for Defendant Progressive Preferred Insurance Company.

Charles N. Nauen, Eric C. Tostrud, Mathew R. Salzwedel, David R. Asp, Lockridge Grindal Nauen PLLP, Minneapolis, MN, for Defendant USAA Casualty Insurance Company.

Lewis A. Remele, Jr., Christopher R. Morris, Bassford Remele, PA, Minneapolis, MN, for Defendant Illinois Farmers Insurance Company.

Mark A. Solheim, David C. Linder, Larson King, LLP, St. Paul, MN, for Defendant American Family Mutual Insurance Company.

## MEMORANDUM AND ORDER

PAUL A. MAGNUSON, District Judge.

This matter is before the Court on Defendants' Motions to Dismiss these putative class actions. Because the Complaints are nearly identical, Defendants filed joint memoranda in support of their respective Motions, and Plaintiffs filed a joint response. For the reasons that follow, the Court grants the Motions.

## BACKGROUND

Plaintiffs have automobile insurance policies with the four Defendant insurance companies: USAA Casualty Insurance Company, Progressive Preferred Insurance Company, Illinois Farmers Insurance Company, and American Family Mutual Insurance Company. Minnesota law requires insurance companies to give their policyholders a 5% discount off the insurance premium if the policyholder's automobile has an antitheft device. Minn.Stat. § 65B.285. Plaintiffs contend that their automobiles have antitheft devices, but that they did not receive the 5% discount.

## DISCUSSION

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. *See Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## A. Statutory Claim

Minnesota law provides in relevant part that "[a]n insurer must provide an appropriate premium reduction of at least five percent on the comprehensive coverage on a policy of private passenger vehicle insurance ... to an insured whose vehicle is equipped with an authorized antitheft protection device." Minn.Stat. § 65B.285, subd. 2. Plaintiffs claim that their vehicles have antitheft devices but that their insurers failed to reduce their premiums accordingly. They do not claim that they notified their insurers about the existence of antitheft devices on their automobiles. Instead, they contend that their respective policies placed the burden on the insurers to discover whether the insured vehicle had such a device.

■ Section 65B.285 does not contain a private right of action. Plaintiffs' statutory claim therefore fails unless the Court can imply such a right under the statute, or the claim falls within the ambit of Minnesota's private attorney general statute, Minn.Stat. § 8.31.[1]

### 1. *Private right of action by implication*

■ Plaintiffs urge the Court to determine that the statute implies a private right of action. Plaintiffs make the assertion that, because the statute "does not expressly exclude a private cause of action," the statute should be interpreted to include such a right. (Pls.' Joint Opp'n Mem. at 17.) But this is not the law in Minnesota. Rather, "[a] statute does not give rise to a civil cause of action unless the language of the statute is explicit or it can be determined by clear implication." *Becker v. Mayo Found.,* 737 N.W.2d 200, 207 (Minn.2007). Nor can Plaintiffs hang their hats on the three-prong test first established by the U.S. Supreme Court in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).[2] That test simply does not apply in Minnesota, as evidenced by the *Becker* court's recent and firm pronouncement on the issue.

Thus, the Court must examine the language of the statute and the "clear implication" of the statute to determine whether to imply a private right of action. As noted, the language of the statute itself provides no private right of action. And, contrary to Plaintiffs' argument, there is no clear implication that such a right should be read into in the statute. Plaintiffs contend that, because the statute does not preclude a private right of action, the Court should determine that such a right is implied. Again, that argument ignores the plain language of the *Becker* decision. The legislature knows how to create a private cause of action should it wish to do so. The fact that it did not do so in this statute can only mean that it did not intend for such a right to be available. *See Becker,* 737 N.W.2d at 209 ("The obvious

---

1. Plaintiffs did not mention § 8.31 in their Amended Complaints.

2. In *Cort v. Ash,* the Supreme Court directed federal courts, when considering whether to imply a cause of action under a federal statute, to evaluate (1) whether Congress intended to create a cause of action, (2) whether plaintiffs are of the class of people for whose benefit the statute was enacted, and (3) whether implying a cause of action was "consistent with the underlying purposes of the legislative scheme." *Cort,* 422 U.S. at 78, 95 S.Ct. 2080. The Minnesota Supreme Court never adopted the *Cort v. Ash* test, and even the U.S. Supreme Court has disavowed this test in recent years. *See Thompson v. Thompson,* 484 U.S. 174, 189, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) (Scalia, J., concurring) (noting that the Supreme Court "effectively overruled the *Cort v. Ash* analysis" in two 1979 decisions).

conclusion must usually be that when the legislators said nothing about it, they either did not have the civil suit in mind at all, or deliberately omitted to provide for it." (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts,* § 36, at 221 (5th ed. 1984))).

### 2. *Private attorney general statute*

■ Nor will the Court read into the private attorney general statute a private cause of action under § 65B.285. The private attorney general statute provides that "any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages...." Minn.Stat. § 8.31, subd. 3a. Subdivision 1 does not reference § 65B.285, nor does it make any reference to any of the sections of Minnesota's insurance laws. No private right of action is available for violations of § 65B.285 under the private attorney general statute.

There is no private right of action for violations of § 65B.285. Count II of the Amended Complaints must be dismissed.

### B. Breach of Contract

Defendants argue that Plaintiffs' breach of contract claims must likewise be dismissed because those claims are merely restatements of their attempts to bring a claim under § 65B.285. Defendants note that this Court recently determined, in a case brought under Minnesota's Telecommunications Act, that "[i]t would circumvent the legislature's intent to find that a plaintiff can sue for a violation of [a statute] through breach of contract, if that same plaintiff cannot claim an independent cause of action for a violation." *Frels v. Qwest,* No. 10–cv–2520, slip op. at 4 (D.Minn. Oct. 20, 2010) (Magnuson, J.).

Defendants are correct that, if Plaintiffs' claims depend solely on reading into their insurance contracts the requirements of § 65B.285, those claims must be dismissed.

Here, however, the contracts at issue reference compliance with applicable state laws. Thus, the Court need not "read into" the contracts the requirements of § 65B.285; those requirements are already part of the contracts.

■ Nevertheless, Plaintiffs' breach of contract claims fail because neither the statute nor the contracts impose the duty on which Plaintiffs' claims rely. Plaintiffs insist that the policies impose a duty on the insurers to investigate to determine whether an insured automobile has an "authorized antitheft device." But the plain language of the policies does not support the imposition of such a duty, nor can the statute be read to impose that duty.

The Amended Complaints point to one policy provision that allegedly gives rise to this duty. This provision is worded slightly differently for each of the insurance companies, but is substantively identical.

First, the policies provide that an insured's "premium is based on information we have received from you or other sources." (*See, e.g.,* Hara Am. Compl. ¶ 85 (Docket No. 20).) That provision further explains that, "if the information changes, or is incorrect or incomplete, [the insurer] may adjust your premiums accordingly," and that the insurer "will make any calculations or adjustments of your premium using applicable rules, rates, and forms...." (*Id.*) Plaintiffs contend that this provision requires Defendants to "calculate the premiums accurately ... and adjust the premiums when the information the premium is based upon [sic] changes or is corrected." (*Id.* ¶ 86.)

It is arguable whether a breach of contract claim would lie if Plaintiffs informed Defendants of the existence of antitheft devices in their automobiles and Defendants refused to adjust the premium. But that is not the allegation here. Plaintiffs do not allege that they told Defendants

that their cars had antitheft devices. Instead, they contend that Defendants should have been able to find out that Plaintiffs' cars had antitheft devices, and that Defendants' failure to do so constituted a breach of Defendants' duty to charge the correct premium. This stretches the contract language too far. The policy does not say that premiums will be based on information reasonably available to Defendants, nor in fact does it say that in all cases the premium charged will be the correct premium. The policy merely requires policyholders and insurers to base the premium on information in the insurer's possession and to adjust the premium if that information changes.

Nor can Plaintiffs rely on the last phrase, requiring insurers to make any calculations and adjustments in accordance with "rules, rates, and forms." This phrase merely requires insurers to make any adjustments consistently with applicable law. It does not impose any independent duty to conduct any sort of investigation into the factory-installed equipment on policyholders' vehicles. Plaintiffs have failed to establish that Defendants breached this provision of the policies and their breach of contract claim fails.

## CONCLUSION

Plaintiffs' claims fail as a matter of law. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss in 10–3944 (Docket No. 22) is **GRANTED;**
2. Defendant's Motion to Dismiss in 10–3945 (Docket No. 24) is **GRANTED;**
3. Defendant's Motion to Dismiss in 10–3956 (Docket No. 25) is **GRANTED;**
4. Defendant's Motion to Dismiss in 10–4224 (Docket No. 17) is **GRANTED;** and

5. All of the above-captioned actions are **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**